[No. 5992.   Decided March 16, 1906.]

A. BAUER, *Respondent,* v. J. J. HAGGERTY *et al., Appellants.*[1]

RECEIVERS—APPOINTMENT—TRUSTS—UNFAITHFULNESS OF TRUSTEE —SOLVENCY OF DEFENDANT. Where the stock in trade of a corporation, which is to cease as a going concern, is sold to one of the two stockholders, who agreed to collect the outstanding accounts, deposit the proceeds in bank and make weekly statements to the other stockholder, the proceeds to be divided equally after paying a balance due from the purchaser, such purchaser is a trustee, and not a partner as to such collections, and upon unfaithfulness to the trust by making false statements of collections made and refusing to account, the court is justified in appointing a receiver to take charge of the collections, when the books and information are in the exclusive possession of the trustee; and it is immaterial that the trustee is solvent or offers to give bond for the performance of any judgment.

Appeal from an order of the superior court for King county, Frater, J., entered August 5, 1905, appointing a receiver to collect the accounts of a corporation, upon application of the plaintiff in an action for an accounting.   Affirmed.

*McCafferty & Bell,* for appellants.

*Richard Saxe Jones* and *Harold Preston,* for respondent.

MOUNT, C. J.—This appeal is from an order of the superior court of King county, appointing a receiver to collect the accounts of J. J. Haggerty & Company, a corporation, and temporarily enjoining the appellants from collecting any of the outstanding accounts due to said corporation.   The order was granted after a hearing upon a show-cause order. It appears that J. J. Haggerty & Co. is a corporation organized under the laws of this state, and prior to the 28th day of March, 1905, was engaged in business in the city of Seattle as a wholesale liquor dealer.   All the stock of the corporation was owned equally by appellant J. J. Haggerty, who was a resident of the city of Seattle, and the respondent, who was a

[1]Reported in 84 Pac, 871.

resident of the city of Chicago, Illinois. One share of the respondent's stock stood in the name of George W. Simon, who was secretary of the corporation. Appellant J. J. Haggerty was the president, and had the sole control and active management of the business of the corporation. Appellant Haggerty, respondent Bauer, and Mr. Simon constituted the board of directors.

About the date above named, it was agreed by the stockholders to pay all the debts, dispose of all the assets, collect all the accounts, and distribute the proceeds, and close the business of the corporation as a going concern. Meetings of the stockholders were held, and resolutions were passed to that effect, and authorizing the procedure above indicated. All three of the stockholders were present and agreed thereto. Upon a report of the appellant J. J. Haggerty, a written agreement was entered into by which it was agreed that the stock of goods on hand amounted to $12,730.82; that the cash on hand was $2,782.12; that the outstanding accounts amounted to $25,399.50; and that the liabilities amounted to $2,782.12, being the same amount as the cash on hand. It was also agreed that respondent had drawn from said corporation $11,766.76; and that J. J. Haggerty had drawn from said corporation $4,095.86. It was further agreed that the stock of goods on hands should be sold and delivered to the said J. J. Haggerty for the sum of $12,730.82, making a total that Mr. Haggerty received of $16,826.68, or $5,059.92 in excess of the amount which respondent had received. It was further agreed that Mr. Haggerty should collect the outstanding accounts, and from the first money collected should pay to respondent $5,059.92, and thereafter the balance should be deposited in a bank named, to the credit of the corporation, and divided equally between respondent and appellant J. J. Haggerty. It was further agreed that appellant Haggerty should have charge of all the accounts and collect the accounts within the city of Seattle without compensation, and outside accounts should be turned over to collectors and

a commission of eight per cent allowed for such collections. It was further agreed that Mr. Haggerty should make weekly statements to respondent of the amounts collected.

Under this agreement the stock of goods was delivered to appellant J. J. Haggerty, the books and accounts were turned over to him to be collected, and respondent returned to his home in Chicago. Thereafter Mr. Haggerty made no statement to respondent as agreed upon, but on July 3, 1905, at the request of respondent, he rendered an itemized statement of money received, which statement showed that up to that time appellant J. J. Haggerty had collected $5,739.81, but that the costs of collection amounted to $3,623.34. On that day Mr. Haggerty paid to respondent the sum of $5,059.92, and respondent thereupon turned over to Mr. Haggerty his certificate for stock in the corporation. On July 29, 1905, respondent demanded of Mr. Haggerty a further accounting of collections made, when Mr. Haggerty refused to make any further accounting, claiming to be the owner of all the stock in the corporation; and that it was agreed on July 3, when the payment of $5,059.92 was made to respondent, that respondent in consideration of said payment should have no further interest in the accounts or the corporation.

It appears further that the accounts of the corporation are numerous; that the books are wholly under the control of appellant Haggerty; that the creditors are widely scattered over this state and Alaska; and that the statement rendered to respondent on July 3, 1905, was not a true account of the moneys collected to that time, but that appellant Haggerty had received large amounts from several different debtors, which were not stated in the account; and that he concealed from respondent the true state of his collections. On these facts the receiver was appointed, and the restraining order issued as stated above. Prior to the time the order was made, the appellant J. J. Haggerty offered to enter into a bond in such sum and upon such conditions as the court

should order, to account for all collections from the accounts of the corporation.

There is no dispute in the record before us upon any of the facts above stated, except that respondent denied that he had no further interest in the accounts of the corporation, and appellant Haggerty denied the statement that he did not make a true account of moneys collected to July 3, 1905, or that he undertook to mislead or deceive respondent. Upon the showing made, the trial court evidently found that appellant Haggerty did not make a true account, and did undertake to mislead and deceive respondent, which finding is justified by the record. Appellants contend that the court erred in appointing a receiver, for two reasons, (1) that it was not shown that appellant J. J. Haggerty was insolvent, and (2) because the bond offered by appellant would have afforded all necessary security until final determination of the cause. Both of these reasons are the same. One is no more potent than the other. If appellant J. J. Haggerty is solvent, any judgment recovered against him may be satisfied. The bond could do no more and is only for the purpose of rendering the judgment certain. If the insolvency of the appellant Haggerty was the only ground for the appointment of a receiver in this case, or if his solvency may be considered as affording an adequate remedy to respondent, it is clear that the court was not authorized to appoint a receiver. But this is not the ground upon which the appointment was made, because it is apparently conceded that the appellant J. J. Haggerty is entirely solvent. The respondent maintained in the court below, and insists here, that he and appellant Haggerty are jointly interested in these accounts, and that Mr. Haggerty was a trustee for the purpose of collecting them and placing the proceeds in a certain bank for their joint benefit; that he has exclusive control of the books; that the persons owing the accounts are widely scattered over this state and Alaska; that respondent does not know the debtors and has no means of determining who or where they are, or the items of their accounts, or the

different amounts owing, and he has no means of acquiring this information; that it is all within the hands of appellant J. J. Haggerty, who has made false representations regarding collections and refused to account, and is therefore a faithless trustee. These are sufficient grounds for the appointment of a receiver, even if the trustee is solvent. *Clay v. Selah Valley Irr. Co.,* 14 Wash. 543, 45 Pac. 141. It is clear from the record before us that appellant J. J. Haggerty is a trustee of these accounts, and of the proceeds of the collections, and that he should be so treated.

For the reason that the court was justified in finding that appellant J. J. Hagegrty has been recreant to his trust, and that it lies within his power to prevent the respondent from obtaining the facts showing the true condition of the accounts, and to prevent an honest accounting, it was not error for the court to appoint a receiver.

The order appealed from is therefore affirmed.

CROW, ROOT, FULLERTON, HADLEY, and DUNBAR, JJ., concur.