MAX FRIEDMAN, as Administrator of the Estate of MILTON FRIEDMAN, Deceased, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

(Argued June 12, 1933; decided July 11, 1933.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly, Henry J. Shields* and *Edward A. Gobel* of counsel), for appellant.

*Edwin C. Morsch, Edwin B. Goddin* and *Arthur L. Rieder* for respondent.

LEHMAN, J. Plaintiff's intestate, a boy in his fifteenth year, was crushed while riding on the platform of an ash hoist or elevator in a school house in the city of New York. The question presented upon this appeal is whether the accident occurred through the negligence of the Board of Education in the performance of its statutory duties.

The accident occurred in the evening when the building was closed. The Board of Education employed or appointed a " custodian engineer " to keep the building warm and clean. He was required to keep up the furnace fires and to remove the ashes. The ash hoist was in his charge. In the performance of his duties " the custodian engineer " had the right to employ assistants and helpers. A man was so employed by the " custodian engineer," and was required to reside in the building. After school hours, when the building was closed, he was the sole custodian of the building, and, as such, in charge of the building.

Plaintiff's intestate was not a pupil of the school. He came there, after the building was closed, at the invitation of the hired custodian. While playing or, perhaps, while assisting that man, in his work of removing ash cans he sustained the injuries resulting in his death. It is said that the accident would not have occurred if the ash hoist had been equipped with a device generally used for the protection of those operating similar ash hoists.

Maintenance of the school buildings is a duty imposed by law upon the Board of Education. For injuries occasioned by negligence in the performance of its duties the Board of Education is liable. Though it must perform some of these duties through its agents, it cannot escape liability for negligence upon the plea that the doctrine of *respondeat superior* does not apply to it. A corporate responsibility is placed by law upon the Board for dereliction of duty imposed upon the Board, even

though that duty be a continuing one, and in its performance requires the intervention of agents or employees. (*Lessin* v. *Board of Education*, 247 N. Y. 503.) If plaintiff's intestate was lawfully upon the ash hoist and his death was due to negligence in failing to provide the ash hoist with proper equipment, then the plaintiff has established a cause of action.

No witness saw the accident. How it occurred rests upon doubtful inference. Perhaps it occurred through negligence by the boy himself. Assuming, for the moment, that nevertheless an inference might be drawn that the accident occurred because the Board of Education failed to exercise reasonable care in the maintenance of the hoist, the question remains whether the Board of Education owed any duty to the plaintiff's intestate. Though the " engineer custodian " had the right to employ helpers, a helper so employed had no right, except perhaps in an emergency, to employ others to help him. Certainly there was no right in any person to employ children who might require special protection.

The Board of Education, at the hour of the accident, had excluded the public from the building. It had given no authority, express, implied or apparent, to invite or even permit others to come into the premises. Though plaintiff's intestate and other boys may have been invited into the building by the custodian helper, there is nothing to show that the Board of Education had knowledge or notice that such invitations were being held out to boys. Not only was no permission or invitation extended by any person acting for the Board, but the boys had no reason to believe that the helper had a right to extend such permission or invitation. The defendant owed no duty to persons introduced, under such circumstances, into closed premises. It was bound to act with care towards all to whom it owed a duty of care. It had no reason to anticipate that when the school building was closed and locked, children would be permitted or invited

to operate a cellar ash hoist by a custodian and the custodian acting for himself and without authority from it, and to them it owed no duty of care.

The situation was quite different in the case of *Ferro* v. *Sinsheimer Estate, Inc.* (256 N. Y. 398, 402), upon which the plaintiff relies. There the invitation was extended by the superintendent of the building invested by the defendant with " general authority and full control of the building." Here the invitation or permission was extended by a person in charge of the building only as custodian under a duty to exclude the public.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.