■ RONALD CIANCI, an Infant, by ANGELINA CIANCI, His Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF RYE et al., Defendants and Third-Party Plaintiffs-Respondents. J. EDWARD STRATTON et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant.— In a negligence action to recover damages for personal injury, loss of services and medical expenses sustained as a result of the infant plaintiff being assaulted by a fellow pupil, William Follett, in the play area of the school operated by defendant Board of Education, in which action the defendants (namely: the board, the school superintendent Hoover, the school principal Brown, the assistant principal Stratton, and the teachers Donnelly and Kalk), as third-party plaintiffs, served a third-party complaint against the fellow pupil Follett, as third-party defendant, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County, entered December 27, 1961 after a trial, as dismissed the complaint on the merits against the defendant board upon the jury's verdict in its favor, and as dismissed the complaint on the merits against defendant Hoover, the school superintendent, and against the defendant Brown, the school principal, by direction of the court at the end of plaintiffs' case. The third-party complaint was also dismissed by the court; no appeal is taken and no question is raised with respect to such dismissal. Judgment modified on the law as follows: (1) by amending the first and third decretal paragraphs so as to strike out the dismissal of the complaint on the merits as against the defendant board and against the defendant Brown; so as to strike out the award of costs to them; and so as to limit the dismissal of the complaint and the award of costs to the defendants Stratton, Donnelly and Kalk only; (2) by severing the action as between the plaintiffs and the defendant board and the defendant Brown; and (3) by directing a new trial as between plaintiffs and the defendant board and the defendant Brown. As so modified, the judgment, insofar as appealed from, is affirmed, with costs to plaintiff to abide the event of a new trial. We have not considered any questions of fact. Reversal of the judgment and a new trial as to the defendant board and the defendant Brown, are required for several reasons: (1) In our opinion it was error for the trial court to exclude from evidence all of the proffered Exhibit G. This was an official report of the accident to the board by Paul A. Fairfield, its Director of Health and Physical Education. At least to the extent that it makes reference to the " wrestling bout " as the genesis of the accident, the report, while perhaps cumulative, was most material in view of the issues presented to the jury. The fact that Mr. Fairfield had no personal knowledge of the accident does not affect the admissibility of his report. Since it appears without dispute that he was authorized to make the report as an agent of the board and as part of his official duties for the board, it follows that any statement therein which negatives or tends to negative the position taken by the board upon the trial, is relevant and admissible. An employer is bound by the contents of a report made by his authorized agent; and to the extent that it contains any inconsistent or contradictory statements it is admissible as a party's declaration against interest, despite the agent's lack of personal knowledge (*Anthus* v. *Rail Joint Co.*, 193 App. Div. 571, affd. 231 N. Y. 557; *Stecher Lithographic Co.* v. *Inman*, 175 N. Y. 124, 127; *Davison* v. *Long Is. Home*, 243 App. Div. 791; cf. *Urbina* v. *McLain*, 4 A D 2d 589, 590). (2) It was also error for the

trial court to refuse to permit plaintiffs to show that conflicting statements attributed to a witness (Touri), which were brought out during his cross-examination by defendants, were in fact made before trial by another person and not by the witness. On direct examination the witness had corroborated plaintiffs with respect to one of the most disputed aspects of the case, namely, the duration of the struggle or fight between the infant plaintiff and his fellow-student Follett, and with respect to the consequent critical issue of proximate cause. While the defendants had proceeded in good faith under the erroneous belief that this witness Touri had made such conflicting statements before trial, the unfavorable effect of permitting such mistake to remain uncorrected was to impeach and to discredit an important witness on a most material issue. (3) We are also of the opinion that it was error to dismiss the complaint as a matter of law against the school principal, Elizabeth J. Brown, at the end of plaintiff's case. Quite apart from any liability imposed by statute, under the common law there was imposed upon her as the principal, both the duty to be reasonably vigilant in the supervision of the pupils and the liability for her negligent performance of such duty (Restatement, Torts, § 320). When the instructions were issued to the infant plaintiff and the other pupils to remain outside the school building during the intervals between examinations, it was incumbent upon defendant Brown, as the principal, to provide adequate supervision over the pupils who could be expected to congregate outside. Whether *she* was negligent in discharging such duty and whether *her* negligence was a proximate cause of the infant plaintiff's injury, were issues of fact which should have been submitted to the jury for determination (cf. *Lopez* v. *City of New York*, 4 A D 2d 48, 51–52, affd. 4 N Y 2d 738). If the jury should find that defendant Brown was negligent in the performance of her duty and that her negligence was a proximate cause of the injury, then the board, under the common-law doctrine of *respondeat superior*, would also be liable for the consequences of her negligence, without regard to the liability which may be imposed upon it by any statute (*Domino* v. *Mercurio*, 17 A D 2d 342, decided December 6, 1962; *Friedman* v. *Board of Educ.*, 262 N. Y. 364, 366–367). It may be noted, however, that by statute the board is now bound to indemnify defendant Brown for any financial loss arising out of her negligence (Education Law, § 3023). This statute thus serves indirectly to effectuate the board's common-law liability for the negligence of the defendant Brown. It follows, therefore, that both the issues with respect to her negligence and any issue with respect to the board's vicarious liability by reason of her negligence, should also have been submitted to the jury. We find no error in the dismissal of the complaint against the school superintendent, defendant Hoover. Under the circumstances there was no duty cast upon him, by statute or common law, which he neglected to perform. Kleinfeld, Christ and Hopkins, JJ., concur; Rabin J., concurs in the result. Beldock, P. J., dissents and votes to affirm, with the following memorandum: On June 17, 1954, on the grounds of the Rye City High School, the infant plaintiff, then about 12 years old, had a "scuffle" with a fellow student. The incident took place in a play area during a play period. This action is brought to recover damages for the personal injuries sustained, for the loss of the infant's services and for medical expenses. At the close of plaintiffs' case, the complaint was dismissed against all of the individual defendants (the superintendent of schools, the principal, the assistant principal, and two teachers). The jury found a verdict in favor of defendant Board of Education. The jury found that the board's negligence was not a proximate cause of the injuries because the tussle occurred suddenly, was of short duration, could not have been anticipated, and could not have been prevented even if there had been proper supervision. There is no claim that the verdict is

against the weight of the evidence. Exhibit G for identification was a report made by the School Director of Health and Physical Education to the insurance carrier of the Board of Education. Plaintiffs claim that the report was erroneously excluded. The majority agrees with plaintiffs' position. In my opinion, the report was properly excluded. The person making the report had no knowledge of the facts. He merely reported what someone else had told him. Even if he had knowledge of the facts, a statement given by him to his employer would not be evidence at the trial (*Roselieve* v. *Erie R. R. Co.*, 15 A D 2d 884; *Brecht* v. *City of New York*, 14 A D 2d 790). Nor does the report contain any admissions against the interests of the Board of Education. That the injuries occurred during a wrestling bout, as stated in the report, was already in evidence and, therefore, the report to that effect was only cumulative. Plaintiffs produced a witness, Albert Touri, to corroborate plaintiffs' version that the incident took about 25 or 30 minutes, and not 2 or 3 minutes, as defendants claimed. On July 1, 1954 police officers had questioned several of the boys who had witnessed the occurrence. One of the boys was named Buzzie. The transcript of the police examination was Exhibit C for identification. At the trial defendants' counsel asked Touri whether he remembered being asked and having answered four questions at the police examination. It later turned out that the four questions had been asked of Buzzie, and not of Touri. The majority finds that this cross-examination of Touri was prejudicial. In my opinion, it was not. The error made by defendants' counsel is understandable because the name of Buzzie appeared only after the questions asked and not before, so that defendants' counsel could not know that it was not Touri who had been asked the four questions involved. In any event, the error was immaterial. Touri testified that he did not remember any of the questions or answers and, besides, the purpose of Touri's production by plaintiffs had nothing to do with the substance of the four questions and answers used in the cross-examination. While I agree with the majority that the dismissal of the complaint against Principal Brown at the close of plaintiffs' case was erroneous, there was no prejudice in view of the subsequent verdict in favor of the defendant Board of Education, by which verdict the jury found that the negligence was not the proximate cause of the injuries.