286 So.2d 256 (1973)
Kenneth KING, by and through His Mother and Next Friend, Janet L. Daigneault, and Janet L. Daigneault, Individually, Appellants,
v.
The DADE COUNTY BOARD OF PUBLIC INSTRUCTION, As a Governmental Agency of the State of Florida, Appellee.
No. 72-1313.
District Court of Appeal of Florida, Third District.
December 4, 1973.
Rehearing Denied December 20, 1973.
*257 Theodore M. Trushin and Michael B. Solomon, Miami Beach, for appellants.
Stephens, Magill, Thornton & Sevier, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellants seek review of an order dismissing with prejudice their complaint for damages arising out of an assault and battery suffered by appellant, Kenneth King, while at school.
The complaint alleged that King, who at the time was twelve years old, was assaulted by three students in the rest room at North Miami Junior High School and seriously injured. The incident occurred on April 7, 1970, at the time when the one-year waiver of tort immunity by the state was in effect.[1] The school board moved to dismiss the complaint for failure to state a cause of action upon which relief may be granted, and the trial court granted the motion, dismissing the complaint with prejudice.
We reverse the trial court's dismissal of the complaint with prejudice. The gist of appellants' complaint is an action for negligence based on the doctrine of in loco parentis. This element of the complaint does state a cause of action.
The school board relies on Gissen v. Goodwill, Fla. 1955, 80 So.2d 701 in which the plaintiff charged the parents of an eight-year old child with negligence by permitting the child to slam a door on his finger, severing it. The Florida Supreme Court held that the complaint did not state a cause of actionable negligence because after reviewing case law from other jurisdictions, the court said the complaint did not adequately show a course of conduct by the child involving similar acts which might have lead to the parents' accountability.
We see some difficulty in strictly holding the school board, under the in loco parentis doctrine, to the same standard that applies to the actual parents. Nevertheless, appellants' complaint did allege facts that some twenty students, transferred from Dorsey Junior High School to North Miami Junior High, had committed similar assaults and others from Dorsey were roaming the halls at North Miami. We think a jury might believe that sufficient facts as alleged demonstrate a course of conduct at the school serving to alert the school board to more clearly supervise the situation and to provide better security.
*258 Moreover, appellants have cited case authority from other jurisdictions holding that the school board may be liable for negligence by improperly supervising or safeguarding school children against foreseeable dangers. McLeod v. Grant County School Dist. No. 128, 1953, 42 Wash. 316, 255 P.2d 360; Elgin v. District of Columbia, 1964, 119 U.S.App.D.C. 116, 337 F.2d 152; Titus v. Lindberg, 1967, 49 N.J. 66, 228 A.2d 65; Cianci v. Board of Education, 1963, 18 A.D.2d 930, 238 N.Y.S.2d 547; Zeigler v. Santa Cruz City High School District, 168 Cal. App.2d 277, 335 P.2d 709 (Dist.Ct.App. 1959). These cases hold also that the question of a breach of duty and proximate cause generally are jury issues.
In McLeod v. Grant County School Dist. No. 128, supra, a factual situation analogous to the instant cause was presented to the Washington Supreme Court. There a twelve-year-old girl had been carried by several boys into a darkened room under the grandstand in the school gymnasium and forcibly raped. The trial court held that the plaintiff did not have a cause of action against the school district. The Washington Supreme Court reversed, holding that despite the fact that no allegations had been made regarding the vicious propensities of the girl's attackers, there were triable issues regarding the foreseeability of the risk to which the girl had been exposed, the adequacy of supervision by the school, and proximate cause. The court stated:
"The relationship here in question is that of school district and school child. It is not a voluntary relationship. The child is compelled to attend school. He must yield obedience to school rules and discipline formulated and enforced pursuant to statute. [Citations omitted.] The result is that the protective custody of teachers is mandatorily substituted for that of the parent."
We have carefully considered the record, all the points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that the trial court erred in dismissing appellants' complaint. Therefore, for the reasons stated and upon the authorities cited and discussed, the order appealed is reversed.
Reversed.
NOTES
[1] See Ch. 69-116, Laws of Florida (1969). The waiver of tort immunity was repealed by Ch. 69-357, but causes of action arising during the one-year waiver period have been preserved by Section 768.151, F.S.A. (1971).