328 So.2d 515 (1976)
Wallace OGLESBY, As Administrator of the Estate of William Oglesby, On Behalf of the Estate of William Oglesby, and Wallace Oglesby, As Administrator of the Estate of William Oglesby, On Behalf of Wallace Oglesby and Lula Ogiesby, Natural Parents of the Deceased William Oglesby, Appellant,
v.
SEMINOLE COUNTY BOARD OF PUBLIC INSTRUCTION, a Political Subdivision of the State of Florida, et al., Appellees.
Nos. 74-1799 and 75-373.
District Court of Appeal of Florida, Fourth District.
March 19, 1976.
*516 James Michael Matthews and James C. Fisher, Law Offices of James C. Fisher, Altamonte Springs, for appellant.
O.H. Eaton, Jr., Stenstrom, Davis & McIntosh, Sanford, for appellee-Seminole County Bd. of Public Instruction.
J. Richard Caldwell, Jr., Pitts, Eubanks, Ross & Rumberger, Orlando, for appellees-Horace Mann Ins. Co. and Dan Pelham.
OWEN, Judge.
Where a public school student with known violent propensities is suspended from school, and subsequently after school hours assaults another student at an off-campus location unconnected with any school-related facility or program, does the school and the school's supervising principal incur a legal liability to the victim on the basis of a failure to properly supervise the suspended student? We answer this in the negative.
Appellant's minor son, William, died as a result of injuries sustained when a fellow student of Sanford Middle School, one Samuel Geter, assaulted and beat him while he was walking home from school. Geter, who had a history of prior violent conduct involving other students and teachers, had been suspended and dismissed from school an hour earlier as a result of a classroom disturbance that day. The incident occurred at a location which was off the school campus and unconnected with any school facility or program. Appellant's suit against the Seminole County Board of Public Instruction and the principal of Sanford Middle School, appellee/Pelham, alleged the defendants breached their duty to properly supervise the students of Sanford Middle School. By separate orders the trial court granted the school board's motion to dismiss and the principal's motion to dismiss. The respective appeals taken from such orders have been here consolidated.
The incident occurred at a time when the school board enjoyed sovereign immunity. Appellant's amended complaint alleged that the school board had waived immunity by virtue of having procured liability insurance pursuant to Fla. Stat. § 455.06 and Fla. Stat. § 230.23, subd. 9(d)(2)(1973). On a motion to dismiss, these allegations would be taken as true. However, at oral argument counsel for appellant stipulated that the school board had not, in fact, procured liability insurance providing coverage for the board's alleged negligence, and therefore conceded that no useful purpose could be accomplished by a reversal as to the school board, since it would in any event prevail ultimately on the basis of sovereign immunity.
Be that as it may, our decision in this case is on a broader basis under which, even absent sovereign immunity neither the school board nor the school's supervising principal have any legal liability to appellant. We simply hold that where a public school student has been suspended *517 from a school and has been removed from the school grounds and all school related facilities and programs, neither the school board nor the supervising principal of the school have any further duty to supervise or oversee the conduct of such suspended student at locations which are off campus and which are nonschool related. Appellant cites the cases of King v. Dade County Board of Public Instruction, 286 So.2d 256 (3rd DCA Fla. 1973); Gallagher v. City of New York, 30 A.D.2d 688, 292 N.Y.S.2d 139 (1968), and Hanson v. Reedley Joint Union High School Dist., 43 Cal. App.2d 643, 111 P.2d 415 (1941), but they are all factually distinguishable in that each involves a failure to supervise student conduct on or within school grounds or school related facilities or programs. Our holding in this case relates solely to the duty to supervise students' conduct at off-campus locations which are unrelated to school activities or programs.
Both appellee/school board and appellee/Pelham asserted in their respective motions to dismiss, as well as in their respective briefs before this court, that liability could not be imposed in any event because the allegations of the amended complaint show that there was no causal connection between the alleged negligence of the defendants and the injuries sustained by young William Oglesby, the intervening criminal act of Geter being, as a matter of law, an efficient intervening cause. Appellees cite a number of cases in support of their position but we find it unnecessary to discuss this point as our holding here does not in anywise turn upon the applicability of such principle. We would note, however, that in the case of King v. Dade County Board of Public Instruction, supra, the court held sufficient a complaint against the school wherein a minor and his parent sought damages for injuries occurring as a result of an assault upon the minor by fellow students occurring within the school facility.
The amended complaint did not allege a cause of action against the appellees. There was no error in dismissing the amended complaint with prejudice after appellant declined to further amend.
AFFIRMED.
DOWNEY, J., and LEE, J. CAIL, Associate Judge, concur.