633 So.2d 1170 (1994)
Mordechai ADIKA, etc., Appellant,
v.
BEEKMAN TOWERS, INC., Appellee.
No. 93-207.
District Court of Appeal of Florida, Third District.
March 22, 1994.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Coral Gables, for appellant.
Parenti, Falk, Waas & Frazier and Gail Leverett, Miami, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Mordechai Adika, Personal Representative of the Estate of Shabtai Adika, appeals from an order of summary judgment in favor of Beekman Towers, Inc. We affirm.
Shabtai Adika was a paying guest at a hotel owned and operated by Beekman Towers. While a guest at the hotel, Adika regularly swam off the public beach adjacent to the hotel. On July 23, 1989, Adika drowned while swimming in the ocean. Although the record is not entirely clear on this point, it appears that the decedent was swept up in a riptide and carried away from shore.
The beach that Adika frequented is controlled by the Town of Surfside which operated a lifeguard post about two city blocks from the drowning site. Surfside's post was the closest lifeguard position; Beekman Towers did not post lifeguards on the public beach. Beekman Towers also did not post any signs warning its guests of dangerous surf conditions. However, on the day Adika drowned, the hotel's pool attendant had warned him that the water was rough and that he should not swim alone.
Adika's estate filed a wrongful death action against Beekman Towers alleging that it breached a duty owed to Adika by failing to provide lifeguards on the beach and by failing to post signs warning of the dangerous surf conditions.[1] Beekman Towers moved for summary judgment on the ground that its duty to exercise reasonable care for its guests did not extend to the public beach. The trial court granted the motion; Adika appeals.
An innkeeper in Florida has no duty to post a lifeguard on a public beach. In fact, this court has held that a hotel has no duty even to post a lifeguard at its own swimming pool. Frost v. Newport Motel, Inc., 516 So.2d 16 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 878 (Fla. 1988); see also Hemispheres Condominium Ass'n v. Corbin, 357 So.2d 1074 (Fla. 3d DCA) (condominium association under no duty to its members to provide a professional lifeguard at the association's pool), cert. denied, 364 So.2d 883 (Fla. 1978). The Restatement (Second) of Torts § 314A (1965) recognizes that an innkeeper has a special relationship with his guests which *1171 gives rise to a duty to protect them against unreasonable risk of physical harm. Florida courts have similarly held. See, e.g., Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983) (innkeeper owes the duty of reasonable care for the safety of his guests); Fennema v. Howard Johnson Co., 559 So.2d 1231 (Fla. 3d DCA 1990) (same). However, this duty is not unlimited; the Restatement notes that the duty only applies when the risk of harm arises in the course of the special relationship. More germane to the instant case, the Restatement expressly provides: "... nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises." Restatement (Second) of Torts § 314A cmt. c (1965).
Likewise, an innkeeper in Florida has no duty to warn its guests of naturally occurring surf conditions off of a public beach. See Seitz v. Surfside, Inc., 517 So.2d 49 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 880 (Fla. 1988). Even if Beekman Towers did have such a duty, it was satisfied by the pool attendant's warning to Adika that he should not swim alone in the rough surf.
In support of his argument that the hotel had a duty to post a lifeguard and warn of dangerous surf conditions, Adika relies upon McKinney v. Adams, 68 Fla. 208, 66 So. 988 (1914). In McKinney, the Florida Supreme Court held that the operator of a seaside bathhouse on a public beach was negligent in failing to provide lifeguards and safety equipment, and was liable for the drowning of one of its patrons. The court premised liability, however, not on any common law duty but on a 1911 Florida statute that has long since been repealed. McKinney, 66 So. at 992. Because liability rested on the defendant's failure to comply with the statute, the court did not determine whether Adams was negligent under the common law by not posting lifeguards. Id. 66 So. at 993.
McKinney has no bearing on the case before us as it was decided upon a statutory duty not present here. Furthermore, the cases are factually inapposite. The defendant in McKinney operated a public bathhouse and profited from the rental of equipment expressly intended for use while swimming in the adjacent Atlantic Ocean. Although Beekman Towers was located adjacent to a public beach, whether or not guests swam in the ocean was a matter of individual choice, and was not intrinsically linked to the hotel's business.
In sum, Beekman Towers had no duty either to post a lifeguard on the public beach or to warn its guests of hazardous surf conditions in the ocean off of the public beach.[2] It may be good practice for a hotel located near the ocean to provide its guests with information on ocean safety, but such a practice is not required under the facts of this case. The summary judgment entered in favor of Beekman Towers is affirmed.
Affirmed.
NOTES
[1] The Town of Surfside and Dade County were also named as defendants but are not involved in this appeal.
[2] But cf. Tarshis v. Lahaina Investment Corp., 480 F.2d 1019 (9th Cir.1973) (hotel operator had the duty to warn a guest of dangerous conditions in the Pacific Ocean along its private beach frontage where the dangerous conditions were not known by the guest or were not obvious to an ordinarily intelligent person exercising reasonable care).