641 So.2d 883 (1994)
Nannette VERSPRILL, as next friend and natural parent of Val Versprill, as minor and Nannette Versprill, individually, Appellant,
v.
SCHOOL BOARD OF ORANGE COUNTY FLORIDA, Appellee.
No. 92-3105.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
Rehearing Denied September 7, 1994.
Michael J. Carter of Morgan, Colling & Gilbert, P.A., Orlando, for appellant.
Andrew B. Thomas of Rowland, Thomas & Jacobs, P.A., Orlando, for appellee.
THOMPSON, Judge.
Nannette Versprill, ("Versprill") individually and as next friend and natural parent of Val Versprill, a minor, appeals the order denying her motion for new trial. The motion for a new trial was filed after the trial court entered a final judgment from a jury *884 verdict in favor of the School Board of Orange County Florida ("School Board"). A jury found no liability for injuries suffered by the minor child while observing a solar eclipse. Because the jury instructions did not adequately inform the jury of the Florida law, we reverse.
Val Versprill ("Val") was a fourth grader at Englewood Elementary School when he received damage to his eye after he looked directly at a solar eclipse. The injury is alleged to have occurred after Val left school at the end of the regular school day, but while he was on school property participating in a school activity. Val and three friends were walking across campus when they encountered a teacher named James Brown ("Brown") and his extended day class of 15 to 25 students. The extended day program is a fee based program in which parents pay to have their children remain after school supervised by school personnel until the parent's workday is ended. Brown taught at Englewood during the day and also taught in the extended day program in the afternoon. The four boys knew Brown and had been in his classroom before. On this particular day, Brown's students were outside to watch a solar eclipse using two sheets of construction paper, one placed on the ground and the other, which had a small hole in it, held up so that the sun's rays passed through the hole and projected an image on the paper placed on the ground.
Neither Val nor his friends were enrolled in the extended day program. Brown and other teachers were expected to bar children not in the program from participating in the program's activities. Val and his friends testified that Brown gave them permission to participate and, in fact, gave them construction paper for the project. Brown denies he gave permission to the four boys to participate. He denies that the four boys were present with his class viewing the eclipse. Val testified that while viewing the eclipse, he looked directly at the sun through the hole in the construction paper. Several months later, during a routine eye examination, it was discovered that Val suffered permanent eye damage as a result of looking directly at the sun. An optometrist diagnosed his problem as solar retinopathy. Val's vision problem will last for life and has permanently reduced his vision from 20/20 to 20/40.
The trial lasted two days. On the second day of trial a charge conference was held to determine the final jury instructions and verdict form to be used. Versprill's lawyer objected to limiting the jury instructions to whether Brown gave "permission" to Val to participate in the class because that issue was too narrow. He argued that the operational manual for the extended day program indicates that the School Board owes a duty to students when they are on school premises regardless of whether Brown gave them permission to participate with his class or not, thus, it was enough that the boys were on the school property in Brown's presence in order to raise a duty to supervise them. His objection was overruled and the objected to instruction was given.[1] As a result of the ruling, a formal verdict was prepared. The first question of the verdict form was:
Did James Brown give permission to VAL VERSPRILL to participate in observing the solar eclipse with Mr. Brown's Extended Day Class?
 Yes ____ NO ____
*885 The jury answered no, thus the verdict on the issue of liability was in favor of the School Board. Versprill filed a motion for new trial on the basis that this verdict form question was fundamentally erroneous. The trial court denied the motion, finding that the jury instructions and verdict form properly stated the law and issues.
Before we can consider the merit of the issue raised on appeal, we must determine if Versprill made a proper objection to the instructions as given. It is significant in this case because after the objected to instruction was read to the jury, the trial judge asked counsel for both parties if there were any objections to the jury instructions as given. Each counsel replied that there was no objection. We are aware that Versprill did not submit a written request for a specific jury instruction on Brown's duty to supervise. Therefore, to the extent that Versprill argues the trial judge erred by refusing to give such an instruction, that issue was not preserved for appeal. However, Versprill made a specific objection to the instruction at the charge conference. Thus, we hold that Versprill's assertion that the trial court erred by giving the instruction which Versprill specifically objected to is properly preserved for appeal. Fla.R.Civ.P. 1.470(b). The issue is properly before the court.
The issue of supervision was key to the case and the instruction on that issue did not adequately explain the Florida law. The jury instruction, as given, was too narrow. The instruction implies that Brown had to give permission to Val to participate in the extended day program before he had a duty to supervise Val. In other words, absent permission to participate, there was no duty to supervise Val and no obligation to monitor Val's behavior. That statement of the law is not accurate, thus, the jury may have been misled or confused by the instruction. Harnly v. Watson, 519 So.2d 18 (Fla. 2d DCA 1987) (citations omitted), rev. denied, 528 So.2d 1182 (Fla. 1988).
By the School Board's own policy and by state law, the School Board had an obligation to supervise Val as long as he was on school premises. It did not matter whether he was engaged in a school-sponsored activity or not. When the School Board or one of its employees, such as Brown, became aware of Val's presence on campus, they were obligated to supervise him. Evidence of the School Board's policy to supervise children on its premises was introduced at the trial. Section 5140 of the Operational Handbook, Extended Day Enrichment Program, Orange County Public Schools provides:
E. Welfare

Preserving the safety and protecting the health and general welfare of individual students and of the student body on school property and/or at and during school-sponsored activities are legal and moral responsibilities of the School Board.
Subject to the law, rules and regulations of the State Board of Education, and of the policies of the School Board, each pupil enrolled in a school shall, during the time [t]he [pupil] is being transported to or from school at public expense, during the time [t]he [pupil] is attending school, and during the time [t]he [pupil] is on the school premises, be under the immediate control and direction of the teacher or other members of the instructional staff or of the bus driver to whom such responsibility may be assigned by the principal. However, the State Board or the School Board may, by rules and regulations, subject each pupil to the control and direction of the principal or teacher in charge of the school during the time [t]he [pupil] is otherwise en route to or from school or is presumed by law to be attending school.
Students shall be under the supervision of a teacher or other certified staff member at all times during the school day.

 Legal Reference Florida Statutes (1981 Edition), 232.25
 Pupils subject to control of school.
 Policy adopted: ORANGE COUNTY PUBLIC SCHOOLS
 10/12/82 Orlando, Florida.

(emphasis supplied).
*886 The School Board's policy is based on state law. Section 232.25, Florida Statutes, provides in pertinent part:
Subject to law and rules and regulations of the state board and of the school board, each pupil enrolled in a school shall, during the time [t]he [pupil] is being transported to or from school at public expense, during the time [t]he [pupil] is attending school, and during the time [t]he [pupil] is on the school premises, be under the control and direction of the principal or teacher in charge of the school and under the immediate control and of the direction of the teacher or other member of the instructional staff or of the bus driver to whom such responsibility may be assigned by the principal. (emphasis supplied).
§ 232.25, Fla. Stat. (1991). Therefore, the School Board's own policy and a state statute support Versprill's theory that the School Board has the authority to control and the duty to supervise students when they are on school property independent of whether they are at a school sponsored activity. See Doe v. Escambia County School Bd., 599 So.2d 226, 227 (Fla. 1st DCA 1992) (citations omitted); Collins v. School Bd. of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985) (citation omitted), writ dismissed, 491 So.2d 280 (Fla. 1986) (school board and its teachers are under a common law and statutory duty to supervise the activity of students under their care and control). The genesis of this duty is based upon the doctrine of in locus parenti; that the School Board's employees stand partially in the place of the student's parents. Rupp v. Bryant, 417 So.2d 658, 666 (Fla. 1982) (citations omitted) (duty may extend to extracurricular activities held after school hours and off school premises).
In this case, the trial judge erred in ruling and instructing the jury, as a matter of law, that the only way a duty arose on Brown's part was if he gave Val permission to participate with his class. The School Board policy and the state statute indicate that there is a duty to supervise children when they are on the school premises regardless of whether they are actually attending school or participating in school-sponsored activities. Because the question of whether, in fact, Val was present should have been submitted to the jury for determination with a full and fair jury instruction on the applicable law, we reverse.
Although the issue of the jury instruction is dispositive, we note that any determination of attorney's fees and costs pursuant to section 768.79, Florida Statutes must be determined based upon the 1986 version of the section. This version of the statute was the one in effect at the time the action accrued. Buchanan v. Allstate Ins. Co., 629 So.2d 991, 992 (Fla. 1st DCA 1993) (citing Jones Boatyard, Inc. v. Metropolitan Dade County, 588 So.2d 1033 (Fla. 3d DCA 1991) (section 768.79 is part of statutory scheme which, by its plain language, attaches the right to attorney's fees to the underlying cause of action), approved, 611 So.2d 512 (Fla. 1993)).
REVERSED and REMANDED.
HARRIS, C.J., and W. SHARP, J., concur.
NOTES
[1] The judge instructed the jury as follows:

The first issue for your determination on the claim of Val Versprill against the School board of Orange County is whether James Brown gave permission to Val Versprill to participate in observing the solar eclipse with Mr. Brown's extended day-class. If James Brown did give Val Versprill permission to participate, then as a matter of law James Brown had a duty to supervise Val Versprill in a manner which was not negligent.
If the greater weight of the evidence does not support the claim of the plaintiff on this issue, then your verdict on the claim of the plaintiff on a count [sic] of the alleged negligence of James Brown should be for the defendant, Orange County School Board.
If, however, the greater weight of the evidence does support the claim of the plaintiff on this issue, then you shall consider the other issues of the negligence claim of the plaintiff which are whether James Brown was negligent in the supervision of the activity of Val Versprill and, if so, whether such negligence was a legal cause of loss, injury or damage sustained by Val Versprill and Nannette Versprill.