642 So.2d 654 (1994)
James E. SPERKA, Appellant,
v.
LITTLE SABINE BAY, INC., Amfi Corporation, American Fidelity Life Insurance Company, and Little Sabine, Inc., D/B/a Holiday Inn Pensacola Beach, Appellees.
No. 92-2449.
District Court of Appeal of Florida, First District.
September 16, 1994.
Roy M. Kinsey, Jr., of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Randle D. Thompson, Reynolds E. Pitts, Jr., and Michael W. Kehoe of Fuller, Johnson & Farrell, P.A., Pensacola, for appellees.
PER CURIAM.
James Sperka appeals a final summary judgment for Defendants in his negligence action to recover damages for injuries he suffered when he dove into a sandbar while swimming in the waters of the Gulf of Mexico near the Holiday Inn on Pensacola Beach. Finding no error in the trial court's ruling that the hotel and its owners had no duty to warn Sperka, a guest of the hotel, of the presence of the concealed sandbar, we affirm.[1]
Sperka's complaint alleges the following facts. On or about September 17, 1987, Sperka was a paying guest of the Holiday Inn. The Inn was constructed to provide its guests with access to the adjoining beach and the Gulf of Mexico, and Defendants encouraged such guests to use the beach and Gulf by providing guests with facilities on and near the beach, such as a swimming pool, sun deck, and patio, and through advertising of these facilities and amenities. It is further alleged that Defendants knew or should have known that after guests consumed alcohol provided by the hotel, they would use the hotel's recreational facilities and the adjoining beach and Gulf for swimming and other recreational purposes. The hotel also knew or should have known that a dangerous condition existed in the area south of the hotel as a result of a concealed sandbar a short distance into the Gulf, which condition was well known to those familiar with the Gulf, though not obvious to a casual observer.[2] Sperka, after drinking alcoholic beverages in his room at the hotel on the day in question, proceeded to use the hotel's recreational area and the adjoining beach and the Gulf. Sperka was unfamiliar with the Gulf and its underwater topography, waded into the Gulf to a point where the water was approximately waist deep, and when he "dove into what appeared to be deeper water [his] head struck the concealed sandbar, injuring his spinal cord and rendering him quadriplegic." Sperka alleges that his injuries are the result of the hotel's failure to use ordinary care to maintain its premises in a safe condition and failure to warn him of a concealed dangerous condition in the Gulf of which the hotel had, *655 or should have had, knowledge and which was unknown to him.
Defendants moved for summary judgment based on the pleadings and answers to interrogatories, alleging that the hotel owed no duty to Sperka because it did not own or control the Gulf of Mexico, including the area where the alleged accident occurred. Also, even if it could be established that the hotel exercised some sort of control over the Gulf, the hotel did not breach any possible duty it might have owed to Sperka because there was no unusual danger present in the Gulf that did not generally exist in similar bodies of water. In opposition to this motion, Sperka filed a memorandum, his personal affidavit, and the affidavit of L. Stanley Shulman, the president and director of an athletic and recreational consulting firm, to support the allegations of the complaint. The trial court granted the motion for summary judgment, ruling that:
1. Where a privately owned business enterprise expressly or impliedly encourages the use of an adjoining public beach, a duty to warn against unusual dangers not generally existing in similar bodies of waters arises only when that business enterprise defines or designates in some fashion a specified area for the recreational use of its patrons (i.e. a pavilion, swimming, diving or other such area).
No such area having been designated in the case at bar Defendants owed no duty to warn Plaintiff of any dangerous condition which may have been created by a concealed sandbar existing generally along the entire beach.
2. Although Defendants' motion is disposed of by the above ruling the Court finds in passing that whether or not a particular bottom configuration or condition constitutes an unusual danger not generally existing in similar bodies of waters is an issue of fact which must be resolved by the trier of fact.
The trial court then entered final judgment for Defendants.
We conclude that our decision in this case is controlled by the principles discussed and applied in Adika v. Beekman Towers, Inc., 633 So.2d 1170 (Fla.3d DCA), rev. denied, 640 So.2d 1106 (Fla. 1994), wherein the Third District Court recently considered whether an innkeeper owes a duty to provide lifeguards or post signs warning its guests of dangerous surf conditions on a public beach. In Adika, the estate of a former hotel guest who had drowned while swimming in the Atlantic Ocean filed a wrongful death action against the hotel,[3] alleging that the hotel breached a duty of care owed to the guest by failing to provide lifeguards on a public beach adjacent to the hotel and by failing to post signs warning of dangerous surf conditions in ocean. The evidence in the case indicated that the beach was controlled by the Town of Surfside, which operated a lifeguard post about two city blocks from the site where the guest drowned. The hotel did not post any lifeguards on the beach or any signs warning its guests of dangerous surf conditions. On the day the guest drowned, however, the hotel's pool attendant warned the guest that the water was rough and that he should not swim alone. The hotel moved for summary judgment on the ground that its duty to exercise reasonable care for its guests did not extend to the public beach, and the trial court granted the motion. Id. at 1170. On appeal, the Third District Court affirmed, holding that the hotel had no duty either to post a lifeguard on the public beach or to warn its guests of hazardous surf conditions in the ocean adjacent to the public beach. The court also held that even if there was a duty to warn, it was satisfied by the pool attendant's warning to the guest that he should not swim alone in the rough surf. Id. The court explained:
An innkeeper in Florida has no duty to post a lifeguard on a public beach. In fact, this court has held that a hotel has no duty even to post a lifeguard at its own swimming pool. [Citations omitted.] The Restatement (Second) of Torts § 314A (1965) recognizes that an innkeeper has a special relationship with his guests which gives rise to a duty to protect them against unreasonable risk of physical harm. Florida *656 courts have similarly held. [Citations omitted.] However, this duty is not unlimited; the Restatement notes that the duty only applies when the risk of harm arises in the course of the special relationship. More germane to the instant case, the Restatement expressly provides: "... nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises." Restatement (Second) of Torts § 314A cmt. c (1965).
Likewise, an innkeeper in Florida has no duty to warn its guests of naturally occurring surf conditions off of a public beach. [Citation omitted.]
633 So.2d at 1170-71.[4]
The facts of this case deal with temporary changing conditions of the water and sand at a public beach area, and thus are similar to those in Adika for purposes of analysis. Although, unlike in Adika, no warning was given by Appellee's employees to Sperka in this case, this difference is immaterial because there is no legal basis for concluding under these circumstances that the Holiday Inn owed any duty to warn Sperka, a guest, of the hidden sandbar created by the shifting sands in the Gulf. Therefore, the trial court's final summary judgment for Defendants is
AFFIRMED.
ZEHMER, C.J., and BARFIELD and MICKLE, JJ., concur.
NOTES
[1] In light of the resolution of this issue, we find it unnecessary to address the other issue Sperka raises on appeal, i.e., "Did the trial court make a factual determination by granting the motion for summary judgment?".
[2] The complaint specifically alleges that "[a]lthough the depth of the water initially increases as the distance from the shoreline becomes greater, the sandbar causes the depth of the water to decrease rapidly at a point where one unfamiliar with the area would expect to the water to increase in depth."
[3] The complaint also named the Town of Surfside and Dade County as defendants, but they were not involved in the appeal. 633 So.2d at 1170 n. 1.
[4] The court distinguished a 1914 supreme court opinion, McKinney v. Adams, 68 Fla. 208, 66 So. 988 (1914), relied upon by the Adika plaintiff and Sperka, which held that the operator of a seaside bathhouse on a public beach was negligent in failing to provide lifeguards and safety equipment and may be liable for the drowning of one of its patrons in the Atlantic Ocean. The court distinguished McKinney on the ground that the holding in that case was based on a 1911 statute, which has been repealed, and the McKinney defendant operated a public bathhouse and profited from rental of equipment expressly intended for use while swimming in the adjacent Atlantic Ocean.