693 So.2d 1103 (1997)
Juan CONCEPCION, a minor, By and Through his father, Juan CONCEPCION, Sr., and Juan Concepcion, Sr. individually, Appellant,
v.
The ARCHDIOCESE OF MIAMI, By and Through Edward McCARTHY and Marist Brothers Of The Schools, Inc., d/b/a Christopher Columbus High School, Appellees.
No. 96-2145.
District Court of Appeal of Florida, Third District.
May 21, 1997.
Klemick and Gampel, P.A. and Ross Bennett Gampel, Miami, for appellant.
Fitzgerald & Portuondo, P.A., and J. Michael Fitzgerald, Miami, and Roberto J. Diaz, and Ofelia Damas-Rodriguez, Miami, for appellee, The Archdiocese of Miami.
O'Connor & Meyers, P.A. and Ofelia Damas-Rodriguez, Coral Gables, for appellee, Marist Brothers of the Schools, Inc., d/b/a Christopher Columbus High School.
Before LEVY, GREEN and SHEVIN, JJ.
GREEN, Judge.
The sole issue for our determination on this appeal is whether a school and/or its administrators owe a duty of supervision to students during non-school hours when the students are not on the school's premises and not otherwise involved in school related or sponsored activities. We conclude that no such duty is owed as a matter of law and *1104 affirm the summary judgment entered in favor of the appellees.

I
Appellant Juan Concepcion, Jr., a student at Christopher Columbus High School, was severely and permanently injured during the after-school hours of March 12, 1992 when he was assaulted by another student from neighboring St. Brendan High School. The schools are adjacent to each other and are both enclosed by their respective fences. The fight occurred on a public sidewalk which is located in front of both schools and just outside the gates to both schools. Students from both schools congregate on this sidewalk on a daily basis to await the arrival of their rides home from school.
According to the record evidence, there has always been tension and a rivalry between the students from these two schools. There was further evidence of physical altercations occurring between the students of these two schools prior to this incident. There was, however, no record evidence that the school officials from either of these schools were ever made aware of these prior incidents nor was there evidence of any fights occurring on this public sidewalk area prior to this incident.
The appellants brought this personal injury action and alleged, among other things, that the appellees were negligent by failing to provide adequate supervision and/or security for the students in this area. The appellees moved for summary judgment on the grounds that under the undisputed facts, they owed no duty to appellants as a matter of law and that the incident was not reasonably foreseeable. The lower court's granting of this motion prompted this appeal.

II
We begin our analysis with a recognition of the general principle in Florida jurisprudence that school officials and/or teachers are neither insurers of their students' safety, nor are they strictly liable for any injuries which may be sustained by the students. See Collins v. School Bd. of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985); Benton v. School Bd. of Broward County, 386 So.2d 831, 834 (Fla. 4th DCA 1980); see also Hallberg v. State, 649 So.2d 1355, 1357 (Fla.1994) (finding under criminal statute that teachers are not by reason of their chosen profession, custodians of their students at all times, particularly where crime complained of did not occur during the school year or on-school premises and had no connection to a recognized extracurricular event). Florida law, however, does impose a duty of reasonable supervision upon school officials for the students' activities while the school is entrusted with their care. See Rupp v. Bryant, 417 So.2d 658, 666 (Fla.1982); Collins, 471 So.2d at 563; Benton, 386 So.2d at 834; Barrera v. Dade County School Bd., 366 So.2d 531, 532 (Fla. 3d DCA 1979). Thus, a duty of supervision has been found for student injuries occurring on-school premises as well as off-school premises for school-related activities. Rupp, 417 So.2d at 667-68 (because principal and teacher partially stand in place of student's parents, they had duty to protect student from injuries occurring off-school grounds during hazing activities by school club where principal and teacher knew of club's propensity for violating school board rules); Versprill v. School Bd. of Orange County, 641 So.2d 883, 886 (Fla. 5th DCA 1994) (school owed duty of supervision for student's injury occurring after school as long as student was on-school premises, but question of whether student was on school's premises was issue for jury), rev. denied 651 So.2d 1196 (Fla. 1995); Broward County School Bd. v. Ruiz, 493 So.2d 474, 479 (Fla. 4th DCA 1986) (school breached duty to provide adequate security where student was assaulted in school cafeteria after school while awaiting ride home); Collins, 471 So.2d at 564 (teachers and school board owed a duty to use reasonable care in supervising shop class in which student was sexually assaulted); but compare Benton, 386 So.2d at 835 (no duty could be reasonably imposed against school absent special circumstances for injuries sustained by a kindergarten student whose fingertip was caught in school's bathroom door as a result of the acts of another student because a teacher cannot reasonably supervise *1105 all movements of all students at all times).
In the case before us, however, the injuries sustained by the student did not occur during school hours, or even on the school's premises. Nor did they occur during a schoolrelated activity off the school's premises. The only Florida decision which we have located which squarely addresses the issue of a school's duty under the factual scenario presented in this case is Oglesby v. Seminole County Bd. of Public Instruction, 328 So.2d 515 (Fla. 4th DCA 1976). Oglesby involved a suit brought by the parents of a minor student who died as a result of injuries inflicted by a fellow student after-school in a fight off the school's premises. The perpetrator had a history of prior violent conduct involving other students and teachers, and had been suspended from school an hour earlier as a result of a classroom disturbance on the day of the incident. The court held that:
[W]here a public school student has been suspended from a school and has been removed from the school grounds and all school related facilities and programs, neither the school board nor the supervising principal of the school have any further duty to supervise or oversee the conduct of such suspended student at locations which are off campus and which are nonschool related.... Our holding in this case relates solely to the duty to supervise students' conduct at off-campus locations which are unrelated to school activities or programs.
Id. at 516-17. (citations omitted)
We fully concur with Oglesby`s holding that a school has no duty to supervise off-campus, non-school related activities occurring during non-school hours. Any holding to the contrary would essentially make school officials insurers of all students' safety until the students return home each day. We decline to place such an unreasonable and onerous burden on school officials. At some point, we believe that a school's obligation of reasonable supervision must come to an end and the parent or guardian's duty of supervision must resume. That logical point, we think, should be when the student leaves the school's premises during non-school hours and is no longer involved in school-related activities.
Appellants nevertheless point to this court's decision in Gutierrez v. Dade County School Bd., 604 So.2d 852 (Fla. 3d DCA 1992), rev. denied, 618 So.2d 208 (Fla.1993), as authority for the proposition that a school's duty does not end at its property line after-school hours. In that case, the victim and his girlfriend were accosted at approximately 11:15 P.M. in their car in the student parking lot of a local high school after a school sporting event. While still in the driveway leading from the school parking lot to the public street, an unidentified male ran up to the driver's side and placed a gun to the victim's head. At that point, the victim accelerated the car and the assailant shot him in the neck. Because of the victim's acceleration of the car, the actual shooting occurred a few feet beyond the school board's property line. The undisputed evidence further revealed that the school was located in a known high crime area and as a result, the school had erected a ten-foot-high fence around the student parking lot which had a single driveway which provided the only means of ingress and egress from the parking lot to the public street. As a further security measure, the school board had instituted a policy of retaining off-duty police officers to patrol this parking lot during nighttime events and activities until the lot was completely cleared. On the night in question, however, school officials had hired an off-duty officer knowing that the officer could not remain to patrol the lot until the buses carrying the people from the sporting event would return.
Based upon these undisputed facts, Gutierrez was analyzed and decided in terms of the duty owed by a landowner to an invitee rather than a school to a student. This type of analysis was employed perhaps in implicit recognition of the fact that the victim was not a student of the school. In any event, we held that the school, as a landowner, owed a duty to the victim/invitee to maintain its premises in a reasonably safe condition and that this duty extended to the means by which the landowner had expressly provided *1106 for use by its invitees for their ingress and egress. Id. at 853.
Even if we were to employ a similar analysis to this case, we do not think that Gutierrez would warrant a different result here. That is because a landowner owes no duty of care to invitees for events occurring solely off the landowner's premises and which are wholly unconnected to any activity on the landowner's premises. See Id. at 854; Nat'l Property Investors, II Ltd. v. Attardo, 639 So.2d 691, 692 (Fla. 5th DCA 1994) (finding convenience store not liable for sexual assault of patron in nearby apartment complex by assailant who had followed the victim from the store's parking lot); Marhefka v. Monte Carlo Management Corp., 358 So.2d 1171 (Fla. 3d DCA 1978); see also Sperka v. Little Sabine Bay, Inc., 642 So.2d 654, 656 (Fla. 1st DCA 1994) (holding innkeeper under no duty to a guest who is injured or endangered while he is away from the premises) (quoting Restatement (Second) of Torts § 314A, cmt.c (1965)); Adika v. Beekman Towers, Inc., 633 So.2d 1170, 1171 (Fla. 3d DCA), rev. denied, 640 So.2d 1106 (Fla.1994). In Gutierrez, the assault on the victim actually began on the school's premises and continued a few feet off the school's premises only because there was only one means of ingress and egress. Here, however, the assault on Concepcion began and ended entirely off the school's premises.
For these reasons, we find that the trial court correctly determined that the appellees had no duty as a matter of law and we affirm the summary judgment entered in their favor. In light of our holding, we do not reach the issue of foreseeability.
Affirmed.