838 So.2d 1191 (2003)
Maria MATALLANA, etc., et al., Appellants,
v.
SCHOOL BOARD OF MIAMI-DADE COUNTY, Appellee.
No. 3D01-3291.
District Court of Appeal of Florida, Third District.
January 29, 2003.
*1192 Ginsberg & Schwartz, and Arnold Ginsberg; and Manuel R. Morales, Jr., Miami, for appellants.
Pyszka, Blackmon, Levy, Mowers & Kelley, and Cindy J. Mishcon, Miami Lakes, for appellee.
Before LEVY, GREEN, and RAMIREZ, JJ.
PER CURIAM.
This is an appeal from a summary final judgment in favor of the School Board of Miami-Dade County in Maria Matallana's wrongful death suit, brought as personal representative for the estate of her son, David Matallana. We affirm on the authority of Conception v. Archdiocese of Miami, 693 So.2d 1103, 1105 (Fla. 3d DCA 1997) (stating that "a school's obligation of reasonable supervision must come to an end and the parent or guardian's duty of supervision must resume ... when the student leaves the school's premises during non-school hours and is no longer involved in school-related activities.").
David Matallana and Leonardo Diaz were students at G. Holmes Braddock High School. On February 8, 1999, they met after school behind a nearby shopping area in order to fight. Diaz withdrew the gun he had been carrying around all day in his pocket, shot and killed Matallana. Matallana's parents brought a wrongful death suit against the School Board, alleging that the School Board had a duty to prevent the shooting, should have known that Diaz had violent tendencies, had threatened to harm Matallana, and had brought a gun to school. They seek to distinguish Conception by arguing that on the day of the shooting, the decedent had complained to a school security guard that someone wanted to fight him. The guard told him to relax and stay out of trouble. Although school policy required that the encounter with the student be reported to a counselor or administrator, the guard did not do so. Matallana's parents argue that had the incident been reported, administrators would have interviewed Matallana, discovered who the fight was with, and interviewed that student as well.
We find that Conception is dispositive because the incident occurred off school premises and was unrelated to any school activity. The fact that the security guard did not comply with school policy does not change the fact that the incident occurred at a time when the school had no duty to supervise the students.
Affirmed.