WILLIAM J. RUSZCYK *vs.* SECRETARY OF PUBLIC
SAFETY & another.[1]

Suffolk. October 7, 1987. — January 6, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Agency,* Admission by agent, Scope of authority. *Evidence,* Admissions
and confessions, Judicial discretion, Hearsay.

At a civil trial, the judge was correct in excluding as inadmissible hearsay,
under the common law rule then in effect, certain vicarious admissions
of the defendant's alleged agent, where the plaintiff failed to show that
the agent had actual authority to make statements admitting liability on
behalf of the defendant principal. [421]
This court announced the abrogation of the common law rule with respect to
vicarious admissions and adopted the principles expressed in Proposed
Mass. R. Evid. 801 (d) (2) (D) and 403. [421-423]
A civil action was remanded to the trial judge for the exercise of his
discretion under Proposed Mass. R. Evid. 403, with respect to ruling
whether to admit certain evidence as a vicarious admission under Pro-
posed Mass. R. Evid. 801 (d) (2) (D). [423-424] O'CONNOR, J., dissent-
ing.

CIVIL ACTION commenced in the Superior Court Department
on November 21, 1980.

The case was tried before *Robert L. Steadman,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Thomas Arthur Hensley* for the plaintiff.

*Mark P. Sutliff,* Assistant Attorney General, for the defend-
ants.

HENNESSEY, C.J. The plaintiff, Ruszcyk, a former municipal
police officer who was injured while participating in training
at the Massachusetts State Police Academy, Framingham, ap-
peals from a judgment on a jury verdict in favor of the Com-

[1] The Commonwealth.

monwealth in his action brought in the Superior Court under
G. L. c. 258 (Massachusetts Tort Claims Act). We transferred
the appeal to this court on our own motion. The sole issue
before us is whether the trial judge erred in excluding evidence
that the commandant of the police academy had made a state-
ment concerning the cause of the plaintiff's injuries that tended
to establish the Commonwealth's liability.[2]

In September, 1978, the plaintiff, a police officer since 1975
for the town of Hanover, entered the Massachusetts State Police
Academy, Framingham, for training as a municipal police of-
ficer. On his fourth day of training, the plaintiff was standing
at attention in platoon formation with other members of his
training class. The platoon's drill instructor ordered the platoon
to "break ranks," meaning to leave the formation and run as
quickly as possible to the inside of a nearby barracks. The
door and doorway to the barracks were metal, and were six
and one-half feet high and three feet wide. A trooper, Donald
Woodson, was holding the door open. The plaintiff testified
that he and two other students attempted to get through the
doorway at the same time, and that as a result, he was squeezed
to the right of the doorway. As he was going through the
doorway, he felt a great force striking him in the rear and
catching him in the back. He felt excruciating pain in his elbow
and the force of the door pinning him against the door frame,
and he lost consciousness for a brief period. He testified further
that he did not see Trooper Woodson do anything to the door,
and that at the time of the injury he did not know what had
struck him from behind. The plaintiff alleges that he sustained
severe and permanent injuries as a result of this incident, and
that subsequently he was forced to retire from the Hanover
police department as a result of these injuries.

About a week after this incident, A. Donald DeLuse, chair-
man of the Hanover board of selectmen, and Sergeant James
Cruise, Hanover's acting police chief, went to the police

---

[2] The defendants do not dispute that the Commonwealth is legally respon-
sible for tortious conduct by its employee, Trooper Woodson. Nor do they
contend that the plaintiff did not comply with the procedural requirements
of G. L. c. 258.

academy to determine the circumstances of the plaintiff's in-
juries. They were given a tour of the academy by a Captain
Dolan, who was commandant of the academy. The plaintiff
made an offer of proof that Dolan had told DeLuse and Cruise
that the plaintiff's injuries resulted from Trooper Woodson's
having kicked in the door on the plaintiff. The trial judge
excluded testimony by DeLuse or Cruise as to Dolan's state-
ment as inadmissible hearsay not within our common law rule
as to admissions of an agent. Under this rule, an agent's out-of-
court statements may be admitted against his principal only
where the agent has actual authority to make the statement
offered. E.g., *Bristol Wholesale Grocery Co.* v. *Municipal
Lighting Plant Comm'n of Taunton,* 347 Mass. 668, 671
(1964); *Cleary* v. *First Nat'l Stores, Inc.,* 291 Mass. 172, 174
(1935). The judge ruled that Dolan's statement was inadmissi-
ble, in that the plaintiff had failed to lay a proper foundation
showing that Dolan had actual authority to make statements
admitting to liability on behalf of the Commonwealth.

On appeal, the plaintiff contends that the judge erred in his
ruling that the plaintiff had not established Dolan's authority
to make the statement offered, and so excluded evidence which
was properly admissible under our common law rule regarding
vicarious admissions by agents. Alternatively, should we dis-
agree, the plaintiff asked the judge and now asks this court to
modify this common law rule by adopting the principles expres-
sed in Proposed Mass. R. Evid. 801 (d) (2) (D), under which
"A statement is not hearsay if . . . the statement is offered
against a party and is . . . a statement by his agent or servant
concerning a matter within the scope of his agency or employ-
ment, made during the existence of the relationship."[3] The

---

[3] At first glance, the proposed rule appears merely to restate our common
law rule. In fact it represents a substantial departure from present law and
changes the analysis from an inquiry into the declarant's or servant's authori-
zation to speak, to an inquiry into his authorization to act. Thus, under the
proposed rule, the driver of an automobile involved in an accident may
speak to the facts relating to the accident, cf. *Martin* v. *Savage Truck Line,
Inc.,* 121 F. Supp. 417, 419 (D.D.C. 1954), and the inquiry in this case
would concern whether it was within the scope of Dolan's employment to

plaintiff argues that the foundation laid at trial and his offer of proof were sufficient to establish the admissibility of Dolan's statement under this rule.

The defendants contend that there was no error in the judge's exclusion of this evidence under the common law rule, because Dolan was a mere employee of the Commonwealth, not its agent; because the plaintiff failed to lay a proper foundation for the introduction of Dolan's statement in that he failed to show that Dolan was authorized to make statements on behalf of the Commonwealth concerning the cause of the plaintiff's injuries; and because the statement was unreliable in that the plaintiff failed to establish the source of the knowledge on which Dolan based the statement. The defendants do not squarely oppose the plaintiff's request that the court modify the common law rule along the lines of proposed rule 801 (d) (2) (D), but contend that the proffered statement is inadmissible under that rule as well. First, the defendants argue that the plaintiff failed to show that Dolan's statement "concern[ed] a matter within the scope of his agency or employment." In addition, the defendants argue that this court should, contrary to the Federal practice, read into rule 801 (d) (2) (D) a requirement that, to be admissible, vicarious admissions must be based on personal knowledge, and that there is no indication in the record that Dolan made the statement on firsthand knowledge, nor is there any indication of the source of the statement.

We think that the judge was correct in excluding Dolan's statements under our present common law rule. The record cannot fairly be read as in any way suggesting that Dolan had actual authority on behalf of the Commonwealth to make statements concerning the cause of the plaintiff's injuries. However, we agree with the plaintiff that the time has come to modify the common law rule regarding vicarious admissions.

The plaintiff raised below and now urges this court to adopt the principles expressed in Proposed Mass. R. Evid. 801 (d) (2) (D), and to construe the rule, as courts have construed its

---

gather information regarding incidents such as the one involving the plaintiff. Dolan testified that part of his duties as commandant was to receive reports of investigations of incidents at the academy.

Federal counterpart, as not subject to any requirement of firsthand knowledge on the part of the declarant. It is well settled that Fed. R. Evid. 801 (d) (2) (D) does not require such a showing of firsthand knowledge. See Advisory Committee's Note to Fed. R. Evid. 801 (d) (2), 28 U.S.C. app., Rules of Evid. 716, 717 (1982). See also *Union Mut. Life Ins. Co.* v. *Chrysler Corp.*, 793 F.2d 1, 8-9 (1st Cir. 1986); *United States* v. *Southland Corp.*, 760 F.2d 1366, 1376 n.4 (2d Cir. 1985) (dictum); *United States* v. *Ammar*, 714 F.2d 238, 254 (3d Cir.), cert. denied sub nom. *Stillman* v. *United States,* 464 U.S. 936 (1983); *MCI Communications* v. *American Tel. & Tel. Co.,* 708 F.2d 1081, 1143 (7th Cir.), cert. denied, 464 U.S. 891 (1983); *Mahlandt* v. *Wild Canid Survival & Research Center, Inc.,* 588 F.2d 626, 630-631 (8th Cir. 1978). Rather, the lack of firsthand knowledge may be considered in determining the weight to be accorded the statement, *MCI Communications* v. *American Tel. & Tel. Co.,* *supra,* and whether admissibility should be denied under Fed. R. Evid. 403, under which otherwise admissible evidence may be excluded in the judge's discretion if its probative value is substantially outweighed by the danger of unfair prejudice to the party opposing its admission. *Mahlandt, supra* at 631.

We agree that proposed rule 403, rather than proposed rule 801 (d) (2) (D), is the appropriate vehicle for consideration of the firsthand knowledge issue, as well as of a number of other factors which logically should enter into the balancing of probative value and potential for prejudice. Adoption of the principles expressed in rules 801 (d) (2) (D) and 403 will not automatically result in the admissibility of vicarious admissions of questionable reliability. Rather, this approach will simply remove vicarious admissions from the blanket interdiction of the hearsay rule. Instead, discretion is vested in the judge to determine whether the probative value of the evidence is substantially outweighed by its potential for unfair prejudice to the opponent of its admissibility. This determination, which should take place outside the hearing of the jury, see Proposed Mass. R. Evid. 104 (c), takes into account the particular circumstances of each case, including the credibility of the witness;

the proponent's need for the evidence, e.g., whether the declarant is available to testify; and the reliability of the evidence offered, including consideration of whether the statement was made on firsthand knowledge and of any other circumstances bearing on the credibility of the declarant. In short, this approach rejects a rigid per se rule in favor of a flexible, fact-sensitive standard applied on a case-by-case basis. We think that this is the better approach, and so today adopt the principles expressed in Proposed Mass. R. Evid. 801 (d) (2) (D) and 403. In doing so, we are mindful of the risk that abrogation of our common law rule may lead to the introduction of unreliable evidence to the unfair prejudice of the litigants. We think, however, that the judge's exercise of discretion under the principles expressed in rule 403 goes far to minimize this risk, and that by far the greater vice is the exclusion of relevant evidence where the circumstances of the case indicate its trustworthiness. Admission of evidence does not guarantee its acceptance by a jury, and counsel are free to argue that the jury should not give credence to the evidence. Moreover, logic and experience teach that where, as in this case, a corporation or institution is a party to litigation arising from the activities of its agent or employee, relevant information as to the incident underlying the dispute may well be more readily available to the organization than to its opponent. Where it appears that an organization has superior access to evidence, today's decision will provide additional incentive to adduce such evidence as may be available to it to rebut the opponent's case.

The defendants argue that, even if the principles expressed in Proposed Mass. R. Evid. 801 (d) (2) (D) had been in effect at the time of trial, Dolan's statement still would have been inadmissible for two reasons: first, because the plaintiff failed to show that the statement was based on firsthand knowledge; and second, because the plaintiff failed to show the scope of Dolan's agency. Our previous discussion suffices to answer the first ground. The defendants can bring any alleged infirmities in the statement to the judge's attention in connection with the judge's exercise of discretion under the principles expressed in proposed rule 403, and, if the judge admits the

statement, can argue these infirmities to the jury as relevant to the weight to be given the evidence. As to the defendants' second argument, that the plaintiff failed to show the scope of Dolan's employment, Dolan testified that, as part of his duties, he would receive reports of investigations of incidents at the academy. Thus, there was evidence that Dolan was acting within the scope of his employment in receiving such reports.

In sum, we think that Dolan's statement may be admissible under the principles expressed in Proposed Mass. R. Evid. 801 (d) (2) (D) and 403. Because the judge excluded testimony as to this statement under our common law rule regarding vicarious admissions, which rule we abrogate in adopting the principles expressed in the proposed rules, he did not have occasion to consider whether the statement should be excluded under the principles expressed in proposed rule 403. On remand, the judge should exercise his discretion as to this issue, taking into consideration whether the source of the information on which Dolan's knowledge of the incident ultimately was based was rooted in some person's firsthand knowledge of the incident. It is clear that Dolan was not present when the incident occurred, and further inquiry might reveal that his knowledge of the incident was based, not on anyone's firsthand knowledge, but rather on rumor or gossip. Such circumstances might well furnish a good and perhaps compelling reason to exclude Dolan's statement. In other circumstances, Dolan's statement, in the judge's discretion, may be admissible.

We reverse the judgment for the defendants, and remand the case to the Superior Court for the judge's exercise of his discretionary function. If the judge determines that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice to the defendants, the plaintiff should be granted a new trial at which the evidence will be admissible. Otherwise, the judge should reinstate the judgment in favor of the Commonwealth.

*So ordered.*

O'CONNOR, J. (dissenting). I agree that, in an appropriate case, the court should modify the common law rule regarding vicarious admissions by agents. Perhaps the court should adopt in whole or in part Proposed Massachusetts Rule of Evidence 801 (d) (2) (D), under which "A statement is not hearsay if . . . the statement is offered against a party and is . . . a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." But, in this case, there was no evidence that the statement in question concerned a matter within the scope of the declarant's agency or employment. Hence, even if proposed rule 801 (d) (2) (D) represents the law of this Commonwealth, the plaintiff proponent of the evidence has failed to establish that the evidence is other than inadmissible hearsay.

Asked whether he had any role in the investigation of "incidents" at the academy, Dolan testified: "The investigation would generally be conducted by the director, whether it be a sergeant or my assistant. And later they would be submitted to me, whatever their report was." Dolan also testified that, if it were reported to him that an officer had "flunked two exams," that would be cause for dismissal, and he would dismiss the officer. He testified, too, that if an officer were injured and he could not continue, he would be dismissed. According to Dolan's testimony, his role in the dismissal of an officer was "just in regards to signing his dismissal papers."

Significantly, neither Dolan nor anyone else testified that the defendants had authorized Dolan to assess evidence concerning incidents like the one involved in this case, or to determine how such incidents had occurred or who had been at fault. There was no evidence that Dolan was acting within the scope of his agency in determining that Trooper Woodson had kicked in the door on the plaintiff. Therefore, there was no evidence that Dolan's statement "concern[ed] a matter within the scope of his agency or employment." [1]

---

[1] There was not even evidence that Dolan's statement was based on investigative reports.

If Dolan, rather than Woodson, had been holding the door pursuant to his employment, Dolan's out-of-court statement about what had happened would have concerned a matter within the scope of his agency or employment. Perhaps, too, if it had been Dolan's job to investigate incidents such as the one leading to the plaintiff's injury, and to arrive at conclusions concerning what had happened and who was responsible, Dolan's statement would have been within the principles expressed in proposed rule 801 (d) (2) (D). However, the record is bereft of any such evidence.

The court cites no case, and I am aware of none, in which a court has held that the out-of-court statement of an employee concerning how an injury occurred is admissible against his employer simply because the declarant's employment requires him to receive reports of investigation. On the contrary, it has been held that the notes of an agent who had conducted an internal investigation of possible employee misconduct, which notes summarized reports the agent had received from some employees about the conduct of other employees, do not qualify as statements of an agent "concerning a matter within the scope of his agency or employment." *Litton Syss., Inc.* v. *American Tel. & Tel. Co.,* 700 F.2d 785, 816 (2d Cir. 1983), cert. denied, 464 U.S. 1073 (1984). For all that appears in the present case, Dolan's out-of-court statement, like the notes in *Litton Syss., Inc., id.,* was no more than a recitation of what he had been told by Trooper Woodson's fellow employees or by others, or his conclusion therefrom. The proffered evidence was pure hearsay regardless of whether this court adopts the principles expressed in proposed rule 801 (d) (2) (D).

I would affirm the judgment.