580 So.2d 186 (1991)
METROPOLITAN DADE COUNTY, Appellant,
v.
Betty YEARBY, Appellee.
No. 90-522.
District Court of Appeal of Florida, Third District.
April 2, 1991.
Rehearing Denied June 28, 1991.
*187 Robert A. Ginsburg, County Atty., and Robert G. Davies, Asst. County Atty., for appellant.
Wolfson, Grossman & Herscher and Marcia Harris Malloy, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal by the defendant Metropolitan Dade County from a final judgment entered upon an adverse jury verdict in a negligence action arising out of an intersectional automobile accident. The defendant raises three points on appeal, the chief of which concerns the admissibility of a statement in an accident report filed by a Dade County employee. We affirm.

I
On May 6, 1984, the plaintiff Betty Year-by was driving her car southbound on N.W. 25 Avenue in Dade County, Florida. As she entered the intersection at N.W. 25 Avenue and N.W. 95 Street, she was struck by a car traveling westbound on N.W. 95 Street driven by Willie Williams, an uninsured motorist; a stop sign controlling the plaintiff's direction of travel at this intersection had been knocked down and was not seen by the plaintiff as she entered the intersection.
The plaintiff filed a two-count complaint below sounding in negligence for injuries which she suffered in this accident. The first count was brought against Willie Williams and the Florida Insurance Guaranty Association [FIGA], the successor to the plaintiff's uninsured motorist carrier; this count attributed the accident to the negligent driving of Willie Williams. The second count was brought against Metropolitan Dade County; this count attributed the accident to the County's negligent failure to replace the stop sign governing the plaintiff's direction of travel at the subject intersection. The defendants filed appropriate answers denying liability and the case eventually went to trial solely against Dade County; the plaintiff settled with FIGA on the first count of the complaint for $5,000, and Willie Williams was dismissed from the action.
At trial, the only evidence tending to establish that Dade County had any knowledge of the downed stop sign prior to the accident, and thus was guilty of negligence in not replacing it, was the testimony of Richard Pichardo. Pichardo was a public service aide for Dade County whose job it was to investigate traffic accidents and subsequently file reports concerning such investigations. He testified that he prepared and filed an accident report concerning the above-stated accident. Although he had no independent knowledge concerning his investigation of this accident, he was allowed, over objection, to testify concerning the contents of the accident report which he filed in this case  including the following statement contained therein: "Note the stop sign was knocked down several days earlier. Traffic maintenance was advised." Pichardo did not recall where he got this information as he had no independent recollection of his investigation, but he did concede that at the time he prepared the report it was an accurate representation of his findings.
The plaintiff also adduced at trial the basic facts concerning the occurrence of the subject accident, as well as her ensuing injuries. The jury returned a verdict for the plaintiff in the amount of $30,000, but found her 50% comparatively negligent. A final judgment was entered for the plaintiff in the amount of $10,000  as reduced by the 50% comparative negligence finding and the offset of $5,000 for the settlement with FIGA. Dade County appeals.

II
The central contention raised on appeal is that the contents of the accident report filed by Dade County's employee constituted inadmissible hearsay evidence which did not qualify for admission under any of the exceptions to the hearsay rule; because *188 this was the sole evidence adduced below establishing Dade County's alleged negligence in this accident, it is urged that the final judgment should be reversed and judgment entered for Dade County. We disagree because, in our view, the aforesaid evidence was admissible as an admission by a party opponent.

A
As a general rule, hearsay evidence  that is, "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," § 90.801(1)(c), Fla. Stat. (1989)  is inadmissible in evidence at a trial. § 90.802, Fla. Stat. (1989). The underlying policy reason for excluding hearsay evidence is that, generally speaking, such evidence is inherently untrustworthy because the party against whom such evidence is offered has had no opportunity to test its veracity by cross-examining the statement at the time the statement was made. C. Erhardt, Florida Evidence § 801.1, at 430 (2d ed. 1984); McCormick on Evidence § 245, at 728 (3d ed. 1984); 5 J. Wigmore, Evidence § 1362 (Chadbourn rev. 1974).
There are, however, a number of well-established exceptions to the rule excluding hearsay evidence, which exceptions are primarily based on the underlying rationale that certain types of hearsay evidence bear such a substantial indicia of reliability that they should be allowed in evidence notwithstanding the lack of an opportunity to cross-examine same when made. C. Erhardt, Florida Evidence § 803, at 467 (2d ed. 1984); McCormick on Evidence § 253, at 753 (3d ed. 1984). One of these established exceptions is that out-of-court admissions of a party opponent are admissible in evidence, § 90.803(18), Fla. Stat. (1989); M. Graham, Handbook of Florida Evidence § 803.180, at 688 (1987); McCormick on Evidence § 262 (3d ed. 1984); admissions by a party opponent, in turn, include "[a] statement by [a party's] agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship." § 90.803(18)(d), Fla. Stat. (1989). This exception is based on the rationale that a party can hardly complain that he had no opportunity to cross-examine himself at the time the admissions were made, and therefore the fundamental reason for excluding this hearsay evidence is not present; stated differently, in our adversary system, a party is necessarily bound by any relevant admissions which either he or his agent makes. Dinter v. Brewer, 420 So.2d 932, 935 (Fla. 3d DCA 1982) (quoting from Morgan, Basic Problems of Evidence 266 (1962)); C. Erhardt, Florida Evidence § 803.18, at 513 (2d ed. 1984); M. Graham, Handbook of Florida Evidence § 803.180, at 688-89 (1987); McCormick on Evidence § 262, at 775 (3d ed. 1984).

B
Turning to the instant case, we agree with Dade County that the statement contained in the accident report prepared by Dade County's employee, Richard Pichardo, constituted hearsay evidence. Without dispute, the statement was "offered in evidence to prove the truth of the matter asserted," and, contrary to the plaintiff's contention, was made by Pichardo out of court when he prepared the accident report and thus was not "made by the declarant [Pichardo] while testifying at the trial." § 90.801(1)(c), Fla. Stat. (1989).
We conclude, however, that the statement was admissible as an admission by a party opponent  an established exception to the general rule excluding hearsay evidence. Pichardo made the subject statement as a relevant part of an accident report which he prepared as part of his official duties as a Dade County employee charged with the responsibility of investigating traffic accidents and filing reports thereon; contrary to Dade County's argument, such statement was therefore made by Dade County's employee "concerning a matter within the scope of [his] employment ... during the existence of the [employment] relationship." § 90.803(18)(d), Fla. Stat. (1989).
Dade County argues, however, that this exception to the hearsay rule is not applicable to this case for two additional reasons. First, Dade County urges that an admission by a party opponent is not admissible *189 when made, as here, in a written report, unless the report is otherwise admissible under another exception to the hearsay rule. There is no merit to this contention because it is well settled that an admission by a party opponent may be made in writing, as here, as well as orally; there is no requirement that a written admission by a party opponent must also qualify under some other exception to the hearsay rule in order to be admissible. C. Erhardt, Florida Evidence § 803.18, at 516 (2d ed. 1984); M. Graham, Handbook of Florida Evidence § 803.180, at 688 (1987).
Second, Dade County contends that the statement that the subject stop sign had been down for several days prior to the accident sued upon was not based on the personal knowledge of Pichardo because he had no independent recollection of his accident investigation in this case and did not recall where he got the information upon which this statement was based. Absent Pichardo's personal knowledge of the subject statement, Dade County urges that the statement was inadmissible as an admission by a party opponent. We cannot agree. Although there is some contrary authority,[1] the established rule in Florida,[2] and the clear majority rule throughout the country,[3] is that an admission by a party opponent or his agent need not be based on the personal knowledge of the party or his agent. This is so because when a person or his agent speaks against his own interest, as here, or otherwise makes relevant admissions of substantial importance to himself, it may be assumed that he or his agent has made an adequate investigation so that such statements possess, even if not based on firsthand observation, a substantial indicia of reliability. McCormick, supra p. 4, § 263, at 778-79. Pichardo testified that at the time he prepared his accident report, the subject statement was an accurate representation of his findings concerning the traffic investigation he conducted in this case; whether based on firsthand knowledge or not, we think this statement clearly bore a strong indicia of reliability. Beyond that, admissions by a party opponent or his agent are admissible for a reason quite apart from their ordinary reliability  namely, in our adversary system a party is simply bound by any relevant admission which either he or his agent makes.

III
Finally, there is no merit to the remaining points raised by Dade County. *190 The trial court correctly rejected Dade County's requested jury instruction concerning Pichardo's statement in the accident report because it incorrectly states the law for reasons previously discussed and otherwise constitutes an impermissible comment on the evidence. The trial court also correctly rejected Dade County's requested jury instructions relating to the alleged negligence of Willie Williams, the uninsured motorist in this case. This motorist was not a party to the lawsuit tried below, and, consequently, the jury was not asked to determine the percentage of negligence, if any, attributable to said motorist; this being so, it would have confused and misled the jury to have instructed them as to the non-issue of that motorist's negligence. Moreover, these requested instructions were not appropriate or required on the issue of proximate cause because (a) the instructions were not couched in proximate-cause terms and would otherwise have been misleading on the negligence issue, and (b) the trial court otherwise properly instructed the jury on the issue of intervening cause. See, e.g., Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962); Smith v. Canevary, 553 So.2d 1312, 1316 (Fla. 3d DCA 1989); § 90.106, Fla. Stat. (1989).
The final judgment under review is, therefore, in all respects
Affirmed.
NOTES
[1] 4 J. Weinstein & M. Berger, Weinstein's Evidence § 801(d)(2)(C)[01], at 277-78 (1990).
[2] City of Miami v. Fletcher, 167 So.2d 638, 639 (Fla. 3d DCA 1964); C. Ehrhardt, Florida Evidence § 803.18, at 515 (2d ed. 1984); M. Graham, Handbook of Florida Evidence § 803.180, at 690-91 n. 8 (1987).
[3] McCormick on Evidence § 263, at 778-79 (3d ed. 1984). See Federal Deposit Ins. Corp. v. First Interstate Bank of Des Moines, N.A., 885 F.2d 423, 435 (8th Cir.1989); MCI Communications Corp. v. American Tel. & Tel. Co., 708 F.2d 1081 (7th Cir.) (the absence of personal knowledge goes to the admission's weight and credibility, not its admissibility), cert. denied, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); United States v. Ammar, 714 F.2d 238, 254 (3d Cir.), cert. denied, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); Pillsbury Co. v. Cleaver-Brooks Div. of Aqua-Chem, Inc., 646 F.2d 1216, 1218 n. 2 (8th Cir.1981); Russell v. United Parcel Serv., Inc., 666 F.2d 1188, 1190 (8th Cir.1981); Kaiser Aluminum & Chem. Corp. v. Illinois Central Gulf R.R., 615 F.2d 470, 476 (8th Cir.), cert. denied, 449 U.S. 890, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980); Mahlandt v. Wild Canid Survival & Research Center, Inc., 588 F.2d 626 (8th Cir.1978); In re A.H. Robins Co., 575 F. Supp. 718, 724 (D.Kan. 1983); Rutherford v. State, 605 P.2d 16, 24-25 (Alaska 1979) ("[T]he majority view is that an admission is not inadmissible because it is not based on firsthand knowledge or is made in the form of an otherwise inadmissible opinion."); ITT Continental Baking Co. v. Ellison, 370 A.2d 1353, 1356 n. 4 (D.C. 1977) ("It is well-established that an admission can be based on hearsay knowledge of the declarant."); McGill v. Frasure, 117 Idaho 598, 602, 790 P.2d 379, 383 (Ct.App. 1990) ("The courts generally have held that personal knowledge of an admitted fact is not necessary in order for an admission to be received in evidence."); Ruszcyk v. Secretary of Pub. Safety, 401 Mass. 418, 421-23, 517 N.E.2d 152, 154-55 (1988); Cianci v. Board of Educ. of the City School Dist. of the City of Rye, 18 A.D.2d 930, 930, 238 N.Y.S.2d 547, 550 (1963) ("An employer is bound by the contents of a report made by his authorized agent; and [it] is admissible as a party's declaration against interest, despite the agent's lack of personal knowledge."); Player v. Thompson, 259 S.C. 600, 193 S.E.2d 531, 535 (1972) ("The rule is that personal knowledge of the person making an admission is immaterial.").