PER CURIAM.
The plaintiff below, Blanton A. Harris, as personal representative of the Estate of Blanton Harris, deceased, etc., appeals from an adverse final judgment entered in favor of the defendant below, Florida Power & Light Company [FP & L], and from the denial of his motion for new trial. We affirm.
While performing his duties as a Metro-Dade Solid Waste employee, Blanton Harris [Mr. Harris] was electrocuted when an electrical current was transmitted from an uninsulated FP & L secondary distribution line to the waste truck that Mr. Harris was leaning against. At the time of the electrocution, a hydraulically operated utility crane attached to the waste truck was being used by "Mr. Harris’ co-worker to pick up debris. Upon being notified of the accident, FP & L’s claims agent, Mark Pascarella, investigated the scene. Within two days of the accident, at Mr. Pascarella’s directive, the trees at the scene of the accident were trimmed half way down.
At trial, the exact manner in which the electrical current was transmitted to Mr. Harris was disputed. The plaintiffs theory was that the crane pushed overgrown trees into the power line and that the electrical current traveled from the trees to the crane to the truck and then to Mr. Harris. The plaintiff further argued that because FP & L was required to cut the trees away from the power line, FP & L was liable. FP & L, however, maintained that the trees were sufficiently cut back and that the accident occurred when the crane came into direct contact with the power line, thereby causing the electrical current to travel from the crane to the truck and then to Mr. Harris.
During trial, the plaintiff attempted to introduce evidence of the post-accident tree trimming. The trial court, however, ruled that this evidence constituted subsequent remedial measures and that it was inadmissible pursuant to section 90.407, Florida Statutes (1995).[1]
The trial proceeded, and the jury returned a verdict finding that FP & L was not liable. The plaintiffs appeal followed.
The plaintiff argues that the trial court reversibly erred by excluding evidence that FP & L’s claims agent ordered that the trees be trimmed two days after the accident occurred. We disagree.
“The general rule, with some exceptions, ... is that evidence of a change in conditions or proof of repairs made after an injury is never admissible as proof of the defendant’s negligence in not having made the repairs or taken precautions prior to the accident.” Pensacola Inn Ltd. v. Tuthill, 404 So.2d 1173, 1174. (Fla. 1st. DCA 1981). In the instant case, the plaintiff attempted to introduce evidence of the post-accident tree trimming in order to establish that FP & L was negligent by failing to trim the trees. In essence, the plaintiff was attempting to establish that if FP & L would have trimmed the trees prior to the accident, the accident would not have occurred. This type of evidence is inadmissible pursuant to section 90.407, Florida Statutes (1995). See White Constr. Co. v. Dupont, 455 So.2d 1026 (Fla.1984); City of Miami Beach v. Wolfe, 83 So.2d 774 (Fla.1955); Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA), review dismissed, 649 So.2d 232 (Fla.1994); Mehler v. Florida Keys Elec. Coop. Assocs., Inc., 576 So.2d 1355 (Fla. 3d DCA 1991); Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989). Further, contrary to the plaintiffs assertion, this evi *1242 dence does not fall into any of the exceptions that would allow it to be admitted into evidence. See, generally, Michael H. Graham & Robert S. Glazier, Handbook of Florida Evidence § 407.1 (2d ed.1996); Charles W. Ehrhardt, Florida Evidence § 407.1 (1997 Edition).
The remaining points raised by the plaintiff lack merit.
Affirmed.

. Section 90.407, Florida Statutes (1995), provides as follows:
Subsequent remedial measures. — Evidence of measures taken after an event, which measures if taken before it occurred would have made the event less likely to occur, is not admissible to prove negligence or culpable conduct in connection with the event.