DAMOORGIAN, J.,
dissenting.
I respectfully dissent because I disagree with the majority’s conclusion that the testimony of a Tandem employee was improperly excluded.
Hearsay is defined as “a statement, other than one made by the declai’ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2009). It is “generally inadmissible because the declarant does not testify under oath, the factfinder cannot observe the declarant’s demeanor, and the declarant cannot be cross-examined.” Dorsey v. Reddy, 931 So.2d 259, 266 (Fla. 5th DCA 2006) (citations omitted). As this Court has stated, “the rationale underlying our rejection of the use of hearsay evidence is its inherent unreliability as secondhand information, and the obvious unfairness in not providing the party against whom it is offered an opportunity to question the declarant of the statements.” Doersam v. Brescher, 468 So.2d 427, 428 (Fla. 4th DCA 1985); see also Harrell v. State, 689 So.2d 400, 402 (Fla. 3d DCA 1997) (hearsay evidence is excludable because of its unreliability). Obviously, there are exceptions to the hearsay rule, which allow for admissibility of certain types of hearsay statements. See §§ 90.803, 90.804, Fla. Stat. (2009).
One of these exceptions is at issue here. Section 90.803(18)(d) has two requirements for admission of hearsay statements of an agent of a party. First, the statements must be made by an agent of the party to be charged with the statements and, second, the statements must have been made within the scope of the agency or employment of the person making the statement. Chaney v. Winn Dixie Stores, Inc., 605 So.2d 527, 530 (Fla. 2d DCA 1992). In the instant case, although Samsoondar was not able to identify the person making the first statement about Mrs. Gagnon choking during his proffered testimony, he was able to identify that the person was a CNA and a Tandem employee pursuant to the requirements of section 90.803(18)(d). As for the origins of the second statement, Samsoon-dar was able to identify the kitchen manager by name, but conceded that the kitchen manager had no first-hand knowledge of the event and was unaware of how the kitchen manager learned about the incident involving Mrs. Gagnon.
I do not quarrel with the majority’s recognition of the clear rule throughout this country concerning the lack of a personal knowledge requirement for admissions by a party opponent or his agent. See Metro. Dade Cnty. v. Yearby, 580 So.2d 186, 189 n. 3 (Fla. 3d DCA 1991), rev. denied, 589 So.2d 291 (Fla.1991). However, the Yearby court articulated that such an admission need not be based on personal knowledge “because when a person or his agent speaks against his own interest ... or otherwise makes relevant admissions of substantial importance to himself, it may be assumed that he or his agent has made an adequate investigation so that such statements possess, even if *1089 not based on firsthand observation, a substantial indicia of reliability.” Id. at 189 (citation omitted). In the instant case, I remain unconvinced that the statements made demonstrated any indicia of reliability sufficient to prevent exclusion under the hearsay rule.
Furthermore, what I find particularly troubling about Samsoondar’s proffered testimony, which the majority noted, was Samsoondar’s acknowledgement that he did not know whether the CNA that stated Mrs. Gagnon had choked had heard this from another employee. He also definitively stated that the kitchen manager was not present at the time of the incident; thus, he received his information from another source. As such, this case involves the potential for hearsay within hearsay. Based on Samsoondar’s testimony, there is no way to determine the number of hearsay statements that may have been made before the CNA and kitchen manager relayed the information to the kitchen employees and it is speculative at best to submit that each of those statements would be admissible under an exception to the hearsay rule. See Powell v. State, 908 So.2d 1185, 1187 (Fla. 2d DCA 2005) (“Statements that constitute hearsay within hearsay are inadmissible unless both statements conform to a hearsay exception.”); see also § 90.805, Fla. Stat. (2009). If the CNA witnessed the event herself, I would concede that it would be admissible either as an excited utterance or an admission of a party. §§ 90.803(2), (18)(d), Fla. Stat. (2009). But that is not the case here.
As for the kitchen manager, Samsoon-dar’s testimony indicated that a meeting was held a few days after the incident to discuss the staff exercising more caution with the food trays. This testimony clearly presents inadmissible evidence of subsequent remedial measures taken by Tandem and was properly excluded. See § 90.407, Fla. Stat. (2009) (“Evidence of measures taken after an injury or harm caused by an event, which measures if taken before the event would have made injury or harm less likely to occur, is not admissible to prove negligence .... ”); see also Harris v. Fla. Power & Light Co., 700 So.2d 1240, 1241-42 (Fla. 3d DCA 1997).
Even more problematic is the fact that the statements Samsoondar described hearing were medical conclusions as to the ultimate issue without information supporting such conclusions instead of reliable factual observations like those present in Thee and Troya. See Thee v. Manor Pines Convalescent Ctr., Inc., 235 So.2d 64, 65 (Fla. 4th DCA 1970) (Employee of nursing home proffered testimony that “[m]ilk got spilled, but we mopped it up.”); Troya v. Miami Beach Health Care Grp., Inc., 780 So.2d 228, 229 (Fla. 3d DCA 2001) (unidentified hospital employee exclaimed that there had been “too much wax” on the floor after a patient fell).
The First District’s decision in Keyes accurately recognizes the hearsay within hearsay exception to the general rule blindly followed by the majority. Keyes v. Tallahassee Mem’l Reg’l Med. Ctr., 579 So.2d 201, 204-05 (Fla. 1st DCA 1991). The trial court is charged with the responsibility of determining the admissibility of evidence. See Linic v. State, 80 So.3d 382, 389 (Fla. 4th DCA 2012). Where testimony does not meet the tests of admissibility, the trial court acts properly in excluding it. Id.; see also Fiore v. State, 967 So.2d 995, 998 (Fla. 5th DCA 2007) (describing the trial court’s additional gatekeeping function under section 90.403 as “critical” with respect to admission of evidence) (quoting McLean v. State, 934 So.2d 1248, 1261 (Fla.2006)). Here, because the testimony was inherently unreliable and involved multiple levels of hearsay, I would affirm the trial court’s ruling on the admissibility of the proposed testimony. Cf. Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975) *1090 (affirming the trial court’s ruling that the testimony of witness as to statements allegedly made' against penal interest by another was not admissible based on its inherent unreliability).
Finally, I disagree with the majority’s conclusion that any error in the exclusion of this testimony was harmful. See Special v. Baux, 79 So.3d 755 (Fla. 4th DCA 2011) (en banc). There was ample evidence that Mrs. Gagnon choked without this testimony, including the fact that food was suctioned from Mrs. Gagnon’s mouth, that the Heimlich Maneuver was performed, that Mrs. Gagnon had a history of a swallowing disorder as well as expert testimony to the effect that the cause of her death was choking. For error to be harmless it must be “more likely than not that the error did not influence the trier of fact and thereby contribute to the verdict.” Id. at 771. With the ample evidence presented in this case of the Estate’s theory regarding Mrs. Gagnon choking due to Tandem’s negligence, it is more likely than not that the alleged error involving the exclusion of Samsoondar’s testimony did not influence the jury’s verdict.