LOWY, J.
**614 In this medical malpractice action for injuries arising after surgery, judgment entered for the defendant following a *959 jury trial. Central to the plaintiffs' appeal are out-of-court statements made by a medical student who participated in the surgery. The trial judge held that the statements could not be entered in evidence as statements of a party opponent made by an agent, and on a motion for reconsideration also determined that those statements were inadmissible as statements against interest by an unavailable declarant. While we conclude that there was no error in the judge's decision under our current law of evidence, we take this opportunity to adopt as a matter of common law Proposed Mass. R. Evid. 804(a)(3) (1980), which would allow a declarant, in a civil case, to be deemed unavailable if he or she testifies to a lack of memory about the subject matter in question.[2] ,[3] On this record, if the judge had had the benefit of the grounds for finding unavailability that we adopt in this opinion, it would have been an abuse of discretion for the judge not to have determined that the declarant was unavailable and that his statements were against his pecuniary interest. Because that testimony is particularly relevant **615 to the cause of the defendant's injuries, and could be considered relevant to the question of duty of care, its absence is grounds for a new trial. As we have determined that the statements should have been admitted in evidence as statements against interest by an unavailable witness, we need not determine whether they also could have been admitted as statements by the agent of a party opponent. The jury's verdict is vacated, and the case is remanded to the Superior Court for a new trial consistent with this opinion.[4]
Background. On May 16, 2012, the plaintiff Leslie Hedberg[5] underwent a vaginal hysterectomy performed by the defendant. The defendant was assisted by a third-year resident and a third-year medical student, Davis Stephen.[6] The surgery required that *960 Leslie be in the dorsal lithotomy position, lying on her back with her legs in stirrups, her hips and knees flexed, and her thighs apart. The surgery lasted approximately three hours and forty-five minutes, and afterward Leslie almost immediately complained of pain, numbness, and tingling in her left leg and foot. After a neurology consultation, her symptoms were deemed the likely result of injury to her sciatic nerve "either [by] stretching (positional) or possibly due to surgical stitching."
Leslie submitted an affidavit that relayed a conversation she had with Stephen on May 17, 2012, the day after the surgery. She averred: "After I told him that I had a horrible night in the hospital with the leg pain, he said 'I am awfully sorry, we had a hard time positioning that leg.' He said he was holding retractors and may have been leaning against my leg. He then said, 'I am so sorry Mrs. Hedberg, I am so sorry.' " Testifying at trial as an offer of proof, Leslie reiterated these statements and added that, as he was leaving, Stephen said to her, "I'll pray for you."
Stephen testified by deposition in 2017 that he did not remember the surgery or Leslie's postsurgery care other than a vague memory of discussing whether she required a neurology consultation with the resident who participated in the surgery. He further noted that he did not recall any discussion with Leslie regarding the positioning of her leg or whether he had leaned on it during surgery.
**616 Before trial, the defendant filed a motion in limine seeking to exclude Leslie's testimony regarding Stephen's statements. Recognizing that the question of what constitutes a statement of an opposing party's agent was a complicated one, the judge excluded Stephen's statements as inadmissible hearsay and excluded any questions based on those statements that were asked during Stephen's deposition. The judge also denied the plaintiffs' motion for reconsideration, in which the plaintiffs reiterated their agency argument and further argued that Stephen's comments were admissible as statements against interest. Following judgment in favor of the defendant, the plaintiffs appealed, and we transferred the case to this court on our own motion.
Discussion. On appeal, the plaintiffs argue that Stephen's statements should have entered in evidence through Leslie's testimony either (1) as an exemption to the rule against hearsay made by an opponent party's agent under Mass. G. Evid. § 801(d)(2)(D) (2019); or (2) as statements against interest by an unavailable declarant under Mass. G. Evid. § 804(b)(3). We now adopt as a matter of common law, in civil cases, Proposed Mass. R. Evid. 804(a)(3), which will allow a declarant to be deemed unavailable if he or she testifies to a lack of memory about the subject matter in question. We conclude that it is clear from this record that it would have been an abuse of the judge's discretion to exclude the statements at issue had a lack of memory been adopted as a means of establishing unavailability in Massachusetts. Because that testimony relates directly to the ultimate cause of Leslie's injuries, and could also be relevant to a duty of care analysis, we determine that the plaintiffs are entitled to a new trial with the benefit of that testimony. The question whether the statements should have been admitted as statements by the agent of a party opponent, therefore, need not be addressed, as we have determined that the statements were otherwise admissible.
Certain exceptions to the rule against hearsay are conditioned upon the declarant being unavailable to testify. See Mass. G. Evid. § 804(a). Under the Federal rules of evidence, a declarant is unavailable if the *961 declarant "(1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies; (2) refuses to testify about the subject matter despite a court order to do so; (3) testifies to not remembering the subject matter; (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, **617 physical illness, or mental illness; or (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" the defendant's attendance (emphasis added). Fed. R. Evid. 804(a). These exceptions indicate a preference for live testimony, but recognize that, in certain circumstances, "hearsay, if of the specified quality, is preferred over complete loss of the evidence of the declarant." Advisory Committee's Note to Fed. R. Evid. 804(b). As it pertains to lack of memory as a grounds for establishing unavailability, concern about whether that lack of memory is legitimate is minimized by the fact that the declarant must testify to a lack of memory, "which clearly contemplates his production and subjection to cross-examination" and allows a judge, as a preliminary question of fact upon which admissibility depends, the opportunity to credit or discredit the declarant's asserted lack of memory. Advisory Committee's Note to Fed. R. Evid. 804(a). See P.C. Giannelli, Understanding Evidence 505 (5th ed. 2018) (Giannelli); Mass. G. Evid. § 104(a).
Under current Massachusetts law, "[a] declarant is considered to be unavailable as a witness if the declarant (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies; ... (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or (5) is absent from the trial or hearing and the statement's proponent has not been able to procure the declarant's attendance by process or other reasonable means." Mass. G. Evid. § 804(a)(1), (4), (5). See Commonwealth v. Bray, 19 Mass. App. Ct. 751, 758, 477 N.E.2d 596 (1985). Because we have never previously indicated a reason why lack of memory should not establish unavailability, and see no reason why it should not, we now decide to adopt, in civil cases, Proposed Mass. R. Evid. 804(a)(3). In doing so, we follow an overwhelming majority of other States in recognizing a declarant's lack of memory as a means to establish unavailability.[7]
In an unavailability analysis, "[t]he crucial factor [should] not **618 [be] the unavailability of the witness but rather the unavailability of his testimony." Walden v. Sears, Roebuck & Co., 654 F.2d 443, 446 (5th Cir. 1981). The exceptions to the rule against hearsay are all grounded in "a circumstantial probability of trustworthiness, and a necessity for the evidence." *962 Giannelli, supra at 461 n.3, quoting 5 Wigmore, Evidence § 1420, at 251 (Chadbourn rev. 1974) (Wigmore). That trustworthiness serves to mitigate the lack of cross-examination: "under certain circumstances the probability of accuracy and trustworthiness of a statement is practically sufficient, if not quite equivalent to that of statements tested in the conventional manner." Giannelli, supra, quoting Wigmore, supra at 253. With that in mind, we hold that, in civil cases, where a declarant testifies to a lack of memory of the subject matter in question and the judge, as a preliminary question of fact upon which admissibility depends, credits the declarant's lack of memory, the declarant is unavailable for the purposes of the recognized exceptions to the rule against hearsay under Mass. G. Evid. § 804(b). See 2 McCormick on Evidence § 253 (K.S. Broun ed., 7th ed. 2016).
Having reviewed the record, we conclude that it is clear that Stephen remembers very little concerning Leslie's surgery or postoperative care, including the statements at issue. As he was unavailable for purposes of our newly announced evidentiary law, we consider whether the statements fall under one of the hearsay exceptions premised on a declarant being unavailable. We conclude that they do.
In Commonwealth v. Carr, 373 Mass. 617, 623-624, 369 N.E.2d 970 (1977), we adopted Rule 804(b)(3) of the Federal Rules of Evidence, which recognizes a statement against a declarant's interest as an exception to the rule against hearsay so long as the declarant is unavailable and that the statement is against his interest in such a way "that a reasonable [person] in his position would not have made the statement unless he believed it to be true."[8] This includes statements against one's pecuniary interest. "A statement **619 that jeopardizes the declarant's employment can be sufficient to trigger [Fed. R. Evid.] 803's pecuniary interest exception, provided it is so contrary to that interest that a reasonable person would not have made it unless it were true." United States v. Slatten, 865 F.3d 767, 825 (D.C. Cir. 2017), cert. denied, --- U.S. ----, 138 S. Ct. 1990, 201 L.Ed.2d 270 (2018). "Pecuniary interests are those relating to a person's financial situation in some manner." Aetna Cas. & Sur. Co. v. Kuhl, 296 Md. 446, 457, 463 A.2d 822 (1983). In this instance, Stephen was a third-year medical student with a burgeoning career and an unshaped reputation in the medical profession. His admission to having mistakenly leaned on a patient's leg during a surgery in such a manner that may have left her with a permanent injury is against his pecuniary interest, as it reflects negatively on his ability and judgment as a physician. A statement that leaves a negative impact on one's professional reputation and competence, we conclude, is sufficiently against one's pecuniary interest as to allow the statement to be admitted. See Carr, supra ; Slatten, supra.
Where evidence is erroneously excluded, a new trial is warranted "unless, on the record, the appellate court can say with substantial confidence that the error would not have made a material difference." DeJesus v. Yogel, 404 Mass. 44, 49, 533 N.E.2d 1318 (1989). We have no such confidence in this case. The statements in question go directly to the cause of Leslie's injuries, and could be relevant to a question of the defendant's duty of care, and *963 we cannot confidently determine what impact it may have had on the jury's ultimate verdict. Because we have determined that it would have been an abuse of discretion had the judge, with the benefit of this decision, excluded Stephen's statements, and we lack substantial confidence that the absence of those statements would not have made a material difference, we vacate the jury's verdict and remand this case to the Superior Court for a new trial.
So ordered.

Evidence law in Massachusetts remains uncodified. In 1982, we declined to adopt the Proposed Massachusetts Rules of Evidence out of concern that such an adoption "would tend to restrict the development of common law principles pertaining to the admissibility of evidence." See Announcement Concerning the Proposed Massachusetts Rules of Evidence (Dec. 30, 1982). We did, however, invite parties to cite to the proposed rules, and have since adopted many of them as a matter of common law. See, e.g., Commonwealth v. Sneed, 413 Mass. 387, 396, 597 N.E.2d 1346 (1992) (adopting Proposed Mass. R. Evid. 803[18] ); Ruszcyk v. Secretary of Pub. Safety, 401 Mass. 418, 423, 517 N.E.2d 152 (1988) (adopting Proposed Mass. R. Evid. 403 and 801[d][2][D] ); Commonwealth v. Weichell, 390 Mass. 62, 71-72, 453 N.E.2d 1038 (1983), S.C., 446 Mass. 785, 847 N.E.2d 1080 (2006) (adopting Proposed Mass. R. Evid. 801[d][1][C] ).

We decline to resolve here whether unavailability may be established in criminal cases due to a witness's lack of memory. We do note that in a criminal matter, any evidence sought to be admitted through this hearsay exception must also satisfy a defendant's right to confrontation under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights and be corroborated by circumstances clearly indicating the trustworthiness of the statement. See Commonwealth v. Caruso, 476 Mass. 275, 293-295, 295 n.15, 67 N.E.3d 1203 (2017). See also Commonwealth v. Lao, 450 Mass. 215, 222-223, 877 N.E.2d 557 (2007), S.C., 460 Mass. 12, 948 N.E.2d 1209 (2011) (we have previously determined that protections under art. 12 are "coextensive with the guarantees of the Sixth Amendment"); Commonwealth v. DeOliveira, 447 Mass. 56, 57 n.1, 849 N.E.2d 218 (2006).

We acknowledge the amicus briefs submitted by Mark S. Brodin and Nickolas I. Merrill, the American Association for Justice and the Massachusetts Academy of Trial Lawyers, and the Massachusetts Defense Lawyers Association.

Because the plaintiffs share a last name, we refer to Leslie Hedberg by her first name.

Davis Stephen has since become a doctor.

See Fla. Stat. § 90.804(1)(c) ; Ga. Code Ann. § 24-8-804(a)(3) ; La. Code Evid. Ann. art. 804(a)(3) ; Neb. Rev. Stat. § 27-804(1)(c) ; Okla. Stat. tit. 12, § 2804.A.3; Or. Rev. Stat. § 40.465(1)(c) ; S.D. Codified Laws § 19-19-804(a)(3) ; Wis. Stat. § 908.04(1)(c) ; Ala. R. Evid. 804(a)(3) ; Alaska R. Evid. 804(a)(3) ; Ariz. R. Evid. 804(a)(3) ; Ark. R. Evid. 804(a)(3) ; Colo. R. Evid. 804(a)(3) ; Del. R. Evid. 804(a)(3) ; Haw. R. Evid. 804(a)(3) ; Idaho R. Evid. 804(a)(3) ; Ill. R. Evid. 804(a)(3) ; Ind. R. Evid. 804(a)(3) ; Iowa R. Evid. 5.804(a)(3) ; Ky. R. Evid. 804(a)(3) ; Me. R. Evid. 804(a)(3) ; Md. Rule 5-804(a)(3) ; Mich. R. Evid. 804(a)(3) ; Minn. R. Evid. 804(a)(3) ; Miss. R. Evid. 804(a)(3) ; Mont. R. Evid. 804(a)(3) ; N.H. R. Evid. 804(a)(3) ; N.J. R. Evid. 804(a)(3) ; N.M. R. Evid. 11-804.A(3); N.C. R. Evid. 804(a)(3) ; N.D. R. Evid. 804(a)(3) ; Ohio R. Evid. 804(A)(3) ; Pa. R. Evid. 804(a)(3) ; R.I. R. Evid. 804(a)(3) ; S.C. R. Evid. 804(a)(3) ; Tenn. R. Evid. 804(a)(3) ; Tex. R. Evid. 804(a)(3) ; Utah R. Evid. 804(a)(3) ; Vt. R. Evid. 804(a)(3) ; Wash. R. Evid. 804(a)(3); W. Va. R. Evid. 804(a)(3) ; Wyo. R. Evid. 804(a)(3).

In a criminal matter, a statement against penal interest that tends to expose the declarant to criminal liability and is offered to exculpate the defendant or is offered by the Commonwealth to inculpate the defendant must be accompanied by corroborating circumstances indicating the trustworthiness of the statement. Mass. G. Evid. § 804(b)(3).