NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1231

COMMONWEALTH

vs.

RICHARD TINKHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in Superior Court, the defendant, Richard Tinkham, was convicted of one count of aggravated rape and abuse of a child, in violation of G. L. c. 265, § 23A, and three counts of indecent assault and battery on a child under fourteen, in violation of G. L. c. 265, § 13B.  On appeal, the defendant claims that (1) the judge erred in admitting in evidence an inculpatory statement by the defendant to the victim's mother, and (2) the prosecutor made an improper statement during closing argument.  We affirm.

1.  Admission of the defendant's statement.  At trial, the judge allowed into evidence a statement made by the defendant during a conversation with the victim's mother.  The defendant

and the victim's mother became friends while working at a mountain ski resort, and in 2017 the defendant began babysitting the victim and her sisters during the summers. In the spring of 2021, the victim told her older sister that the defendant had sexually assaulted her. After the mother learned about the victim's allegations, she had a conversation with the defendant about her own experience as a victim of sexual abuse. She told him that "if anybody ever did that to my children, I'd kill them," to which the defendant responded, "So you're going to kill me?" The defendant opposed the Commonwealth's motion in limine to introduce this statement into evidence, and again objected to its admission during the mother's testimony at trial.

On appeal, "[w]e review a judge's evidentiary rulings for an abuse of discretion." Commonwealth v. Andre, 484 Mass. 403, 414 (2020). "We will conclude that there has been an abuse of discretion only if the judge has 'made "a clear error of judgment in weighing" the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives.'" Commonwealth v. Hammond, 477 Mass. 499, 505 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). In particular, "[t]he determination whether the prejudicial effect of a statement outweighs its probative value 'rests in the sound discretion of the judge and will be

2

upheld absent palpable error.'"  Commonwealth v. Julien, 59

Mass. App. Ct. 679, 688 (2003), quoting Commonwealth v. Pike,

430 Mass. 317, 325 (1999).

There was no error here.  The defendant's statement was

probative because it indicated that he had sexually abused one

or more of the mother's children.  "It has long been held that,

in balancing the probative value against the risk of prejudice,

the fact that evidence goes to a central issue in the case tips

the balance in favor of admission."  Commonwealth v. Jaime, 433

Mass. 575, 579 (2001), citing Commonwealth v. Medeiros, 395

Mass. 336, 352 (1985).  Further, the probative value of the

statement was not "substantially outweighed by its potential for

unfair prejudice to the opponent of its admissibility."  Ruszcyk

v. Secretary of Pub. Safety, 401 Mass. 418, 422 (1988).

Although the defendant contends that the circumstances in which

the conversation occurred undermined the mother's credibility as

a witness, those objections go to the weight, not the

admissibility, of her testimony, and the defendant had ample

opportunity to question the mother about those circumstances

during cross-examination.  The judge did not abuse his

discretion in admitting the defendant's statement.

2.  The prosecutor's closing argument.  During her closing

argument, defense counsel used the victim's delay in disclosing

the defendant's abuse to challenge the victim's credibility.  In

response, the prosecutor argued that although the victim was "scared to tell" and worried about how her mother would react, the victim told her sister about the abuse in "March into April of 2021" because she could not "spend another summer" with the defendant. At the close of argument, the defendant objected to this statement on the ground that there was "no testimony about the timeframe that [the victim] made these allegations," and requested "some kind of curative instruction" on that issue. In response, the judge stated that there was "no question" that the victim made the disclosure "in the early spring of 2021," but questioned whether the evidence showed that the victim made the disclosure because she feared seeing the defendant. The judge ultimately decided that his general jury instructions would "cover the issue" and no curative instruction was needed.

We do not discern any error. "We consider remarks made during closing 'in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury.'" Andre, 484 Mass. at 417-418, quoting Commonwealth v. Felder, 455 Mass. 359, 368 (2009). While the Commonwealth is allowed "to argue 'forcefully for the defendant's conviction,' closing arguments must be limited to facts in evidence and the fair inferences that may be drawn from those facts." Commonwealth v. Rutherford, 476 Mass. 639, 643 (2017), quoting Commonwealth v. Wilson, 427 Mass. 336, 350 (1998). Here, the

4

prosecutor's statement was a fair inference drawn from the testimony. The victim's mother testified that she learned about the victim's allegations against the defendant in March 2021 and that the victim knew that the mother would be returning to work in April 2021. The victim testified that she believed the defendant would babysit her that summer, as he had in previous summers. Based on this evidence, it was reasonable for the prosecutor to infer that the victim's fear that the defendant might resume his abusive behavior was a reason why she disclosed it at that time. See Commonwealth v. Lester, 486 Mass. 239, 251 (2020). Further, the judge properly instructed the jury that the arguments of counsel are not evidence and that the jurors are the sole determiners of the facts, and we presume that they followed the judge's clear instructions. Commonwealth v. Helfant, 398 Mass. 214, 228 (1986).

Judgments affirmed.

By the Court (Meade, Hershfang & Toone, JJ.[1]),

Clerk

Entered: October 11, 2024.

---

[1] The panelists are listed in order of seniority.

5